State ex rel. Barrow, Tutor, vs. Ogden, Clerk.

No. 13,002.

STATE EX REL. EUGENE BARROW, TUTOR, VS. J. N. OGDEN, CLERK DISTRICT COURT.

The rules of the Supreme Court direct to omit (in the absence of special instructions from appellant) copying in the transcript of appeal all ordinary process and return thereon, such as citation and return thereon, such as citation and writs.

Statute 104 of 1894, relating to shorthand reporters, their fee and the transcript of testimony, is not repealed by statute 203 of 1898 relating to clerk's costs.

APPLICATION for a Writ of *Mandamus*.

*J. F. Pierson* for Relator.

Respondent *pro se*.

Submitted December 10, 1898.
Opinion handed down December 19, 1898.

The opinion of the court was delivered by

BREAUX, J. The relator is an appellant in case entitled R. H. Prayn vs. I. T. Young, Sheriff, *et al.*

The respondent is clerk of the District Court for the parish of East Baton Rouge.

The relator avers that the oral testimony in the case entitled as above was taken by a stenographer, and that his written notes of the testimony were duly filed in the lower court soon after the trial of the case, and are now in the custody of the clerk.

He alleges further that Statute 3 of 1894 makes it the duty of the clerk in preparing the transcript of appeal when the testimony has been taken by a stenographer and its transcription has been filed to embody in the transcript the original transcription, for which the clerk of court is not allowed to charge. He avers that the clerk declines to comply with this law.

Relator sets forth in his petition that the transcript has not been in other particulars made in conformity with the rules of the Supreme Court.

Respondent returns, in answer to the order *nisi* that he copied into the transcript all the pleadings and documents filed, proceedings had and evidence adduced on the trial of the case, and that in the

absence of any instructions from the relator or his counsel to omit any of them it was his duty to copy them all; that he has charged costs at the rate authorized by Statute 203 of 1898, which repeals all former statutes relating to costs.

We take up the questions for decision in their inverse order.

There was a slight oversight in matter of respondent's interpretation of the rules of the Supreme Court.

He avers that it was his duty, in the absence of contrary instructions by the appellant or his attorney, to copy all papers and documents.

The position finds no support in the rules regarding transcripts.

Those rules direct, in the absence of special instructions from appellant, " all " ordinary process and returns thereon, such as citation, writs, *mesne* or executory, will be omitted from the transcript, and no one document is to be copied twice.

It is in place to state that the clerk filed the transcript here properly in compliance with the order *nisi* of this court. He reserved all of his rights to be heard as if the transcript had not been filed.

As relates to the state of the transcript as it is now, we have found no ground for relator's objection " that it is detached and separately bound." It is now bound in volume form. We have read it and found it well enough prepared. It gives no cause of complaint. Documents copied twice, writs and citation and other papers copied increase very little the bulk, and are not confusing, inserted as they are.

The question reduces itself on this point to a small amount for costs, which appellant and appellee can well adjust by reference to the rules of the Supreme Court.

Lastly, as relates to the claims for costs for inserting in the transcript a copy of the testimony of the witnesses as having been prepared by the clerk himself or by one of his deputies, and not by a shorthand reporter.

We infer that a court reporter was appointed, and took down the testimony, as we read in the transcript of appeal: " W. H. Jack, Jr., was then sworn as court reporter in this case regularly."

The issues as presented give direct support to our inference.

The question involved is whether the statute 104 of 1894 was repealed by statute 203 of 1898?

The former provides that the stenographer in reducing "his notes to writing shall make a duplicate copy of the testimony without extra charge, the original of which, in case of appeal to the Supreme Court, shall be embodied in the transcript, while the duplicate copy shall remain in the record. The clerk, under the law of 1894, is not allowed to charge for the testimony so embodied in the transcript.

The statute of 1898 only confirmed Sec. 5 of the law adopted in 1890, authorizing the appointment of shorthand reporters by the clerk himself or by the judge.

Respondent urges that Statute 203 of 1898 establishes a general fee bill, or bill of costs, regulating and fixing the fees and compensation allowed clerks.

The paragraph of the law of 1898 invoked reads:

"For taking down testimony: For each one hundred words, ten cents.

"For making transcript of record on appeal to the Supreme Court, for each one hundred words, fifteen cents."

Respondent contends that the repealing clause of the statute of 1898, which reads, "all other laws (not embraced in the act) on the same subject matter be and the same are hereby repealed," is upon the same subject matter as Statute 3 of 1894, and therefore repeals it.

Strictly, is it upon the same subject matter? In one case the purview of the law was to fix the fees and compensation of the clerk, in the other to regulate and fix the fee of the shorthand reporter and save costs to litigants in cases appealable to the Supreme Court.

The latter, the shorthand reporter, is to act as reporter only upon the application of one of the parties, and the appointment is left to the discretion of the court, provided it does not interfere with the clerk's appointment.

In case no reporter acts, it follows that the usual charge is to be made by the clerk.

In case he or his deputy acts as shorthand reporter, he is entitled to the fee allowed the shorthand reporter. As relates to the transcript, the two laws are not irreconcilable. We did not discover, upon examination, that the purview of the new law was to repeal the old law. In view of the repeal, this anomalous condition would arise; we have seen that under Sec. 5 of the law of 1890 (No. 28), the clerk is authorized to appoint a shorthand reporter, and whenever called on to act, the reporter's fee would amount to the rate before mentioned, and in addition he would be entitled to his own

fee, thus increasing the amount of cost for each one hundred words to forty-five cents, which, in our judgment, never was intended by the law-making power.

As we read the statutes before us, the same subject matter refers to all clerks' fee bills, and not to other particular statute, having in view the employment of shorthand reporters and the expedition of trials in the courts of justice.

The legislator acted upon the subject independently and separately, and embodied the intention in the particular law of 1894.

A subsequent statute, in general terms, treating the subject in a general manner as relates to the fee of an officer, does not repeal the particular statute. In other words, the purpose, as we understand the intention, was to make a change as related to the clerk, and not as to the reporter, to whom not the least reference is made.

It is clearly settled, the leaning of the court should be against the doctrine of repeal by implication or liberal construction. The two laws should stand, unless it be evident that the last repeals the particular law. If reason arises in support of each position, about equally good, the decision, in our view, should be against declaring a law repealed. We would not, upon light grounds, change a system of reporting, established by legislation and to which all are now accustomed.

If we should decide that the law, as relates to the compensation of shorthand reporters, was repealed, the law itself authorizing the employment would lose its vitality.

For reasons assigned, it is ordered, adjudged and decreed that respondent deliver the transcript of appeal in this case to the relator, after the latter will have paid him the amount due, in accordance with the views before expressed, and that to that extent the rule *nisi* is affirmed, and the *mandamus* is made peremptory.

NICHOLLS, C. J., absent.