124 LOUISIANA REPORTS.

(50 South. 703.)

No. 17,727.

Succession of MORGAN (WHITNEY).

(Nov. 2, 1909. Rehearing Denied Nov. 29, 1909.)

NOTARIES (§ 3*) — COMPENSATION — TAKING INVENTORY IN SUCCESSION.

Act No. 101, p. 161, of 1870, fixing the fees of notaries public throughout the state of Louisiana, was not repealed by Act No. 203, p. 485, of 1898, and is still in force. It follows that the charge by a notary of a round sum for taking an inventory in a succession is clearly illegal and contrary to the fee bill.

[Ed. Note.—For other cases, see Notaries, Dec. Dig. § 3.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

The administrator of the succession of Marie Louise Morgan, widow of the late Charles A. Whitney, filed an account, in which he allowed and proposed to pay W. Morgan Gurley, a notary public, a certain fee for taking an inventory. Gurley opposed the account on the ground that the allowance was inadequate, and, his opposition having been dismissed, he appeals. Affirmed.

McCloskey & Benedict, for appellant. Hall & Monroe, for appellee.

On Opposition of W. M. Gurley to Account of Administrator.

LAND, J. The administrator of the succession of Mrs. Whitney filed an account, in which he allowed and proposed to pay "W. Morgan Gurley, notary public, for inventory, $500."

Mr. Gurley opposed the account on the ground that the allowance of $500 was wholly inadequate for the services rendered by him as notary in a succession involving approximately $1,500,000, and averred that a fair, reasonable, and just compensation for the services rendered was $2,250, and prayed that the account be amended by placing him thereon as a privileged creditor in said sum.

Judgment was rendered, dismissing the opposition and homologating the account as rendered. The opponent has appealed.

By Act No. 101, p. 161, of 1870, the General Assembly fixed the fees of clerks, sheriffs, recorders, and notaries public throughout the state of Louisiana, and provided forfeiture and penalties for overcharging or failure to perform their duties. Section 10 of said act fixed the fees of recorders and notaries, and declared:

"That they shall not be entitled to charge for any other services they may perform or be required to perform as recorders and notaries public."

The fees fixed for inventories are as follows:

"For making inventories of successions or other property out of office, fifty cents per hour, provided that no more than twelve hours per day shall be charged, together with twenty cents per hundred words for the procès verbal of the inventory and recording it, and twenty-five cents for the certificates and seal thereon; for making inventories in office there shall only be charged twenty cents for every hundred words for taking and recording the same and twenty-five cents for the certificate and seal."

Opponent, however, contends that Act No. 101, p. 161, of 1870, was repealed by Act No. 203, p. 485, of 1898, entitled:

"An act to provide a general fee bill or bill of costs regulating and fixing the fees and compensation allowed sheriffs, clerks, and recorders, justices of the peace, constables and coroners in all civil matters, and to provide for the collection of the same throughout the state of Louisiana (the parish of Orleans excepted) as required by article 129 of the Constitution of 1898, and fixing the fees and compensation of sheriffs throughout the state (the parish of Orleans excepted) in criminal matters."

Article 129 of the Constitution of 1898 reads as follows:

"Art. 129. The General Assembly, at its first session after this Constitution is adopted, shall provide a general fee bill or bill of costs, regulating and fixing the fees and compensation allowed sheriffs, clerks and recorders, justices of the peace, constables, and coroners, in all civil matters."

Act No. 203, p. 485, of 1898 is wholly silent as to the fees of notaries, both in the title and in the body of the statute, and the parish of Orleans is excepted, not only in the title, but in every section fixing fees and costs.

Section 12 of Act No. 203, p. 494, of 1898, reads as follows:

"Sec. 12. Be it further enacted, etc., that all other laws (not embraced in this act) on the same subject-matter be and the same are hereby repealed, and this act shall take effect from and after its passage."

The first question is whether this clause repealed all other laws of the state on the subject-matter of fees and costs. If the title had read, "to provide a general fee bill or bill of costs," it might be well argued that the subject-matter covered all fees and costs. But the title restricts the scope of the statute to a fee bill or bill of costs "regulating and fixing the fees and compensation allowed" sheriffs, clerks and recorders, justices of the peace, constables and coroners, outside of the parish of Orleans. Hence the act, on its face does not embrace all officers entitled to fees under the laws of the state, and has no application to officers of any kind in the parish of Orleans.

In State ex rel. Barrow v. Ogden, Clerk, 50 La. Ann. 982, 24 South. 593, this court held that Act No. 104, p. 133, of 1884, relating to the fees of shorthand reporters, was not repealed by Act No. 203, p. 485, of 1898. This decision was based on the theory that the subject-matter of the statutes was not a general fixing of fees and costs, but the compensation of particular officers.

The act contains no reference to notaries public, district attorneys, and some other officers in the country parishes. Did the Legislature intend to starve such officials out of office by depriving them of all fees and emoluments? Such an intent is hardly presumable under any circumstances that can be imagined.

We concur with the learned counsel for the opponent in the view that Act No. 101, p. 161, of 1870, is antiquated and defective in many respects.

But the remedy for such defects in the statute must be applied by the legislative department of the government.

While counsel for defendant argues, or rather intimates, that Act No. 101, p. 161, of 1870, was never intended to apply to the parish of Orleans, the statute reads "throughout the state," and there is but one construction that can be placed on such plain English.

The act of 1870 was enforced in Succession of Caballero, 25 La. Ann. 646, and in Succession of Harris, 29 La. Ann. 743. In Printing Co. v. Furniture Concern, 108 La. 262, 32 South. 469, the act was not cited as bearing on the issues.

A charge for a round sum in a notary's account for taking an inventory is illegal and contrary to the tariff in succession matters. Robouam's Heirs v. Robouam's Ex'r, 12 La. 73. See, also, Walton v. Creditors, 3 Rob. (La.) 438; State v. Atchafalaya Co., 7 Rob. (La.) 198; Hawford v. Adler, 12 La. Ann. 241.

We are informed by the record that the statute in question has been uniformly disregarded by notaries public of the parish of Orleans, and that two of our learned Brothers of the civil district court have held that it is no longer in force.

We are not able to concur in this view, and think that the best way to hasten the modification or repeal of a defective law is to enforce it strictly.

The administrator has not prayed for an amendment of the judgment, and we are therefore relieved of the task of calculating to what extent (if any) the amount allowed exceeds the fee bill.

Judgment affirmed.