MONROE, J.
Plaintiff brought suit against defendant for damages for an alleged breach of a contract whereby he agreed to deliver *713 “by the Southern Pacific Railroad,” and defendant agreed to receive and pay for, certain sugar cane. The suit was brought in the parish of 'St. Martin, and defendant excepted to the jurisdiction of the court, on the ground that it is domiciled and operates its factory in the parish of St. Mary. The court overruled the exception and defendant made the application to this court which we are now considering. The judge a quo, in his return to the rule nisi, says:
“That the suit * * * is a suit sounding in damages * * * for breach of contract; the petition reciting that the damage * * * arose in the parish of St. Martin. That, on the trial of the exception, * * * the evidence showed that the cane was delivered to the factory on the cars at Duchamp Station, in the parish of St. Martin, the said cane having been weighed prior to its being placed upon the cars, and that the said cars were furnished and their movement controlled by relator, who paid the freight on said cane to its factory. That the petition further shows that the damage arose in the parish of St. Martin, by reason of the fact that the factory closed down, leaving Olivier with a large amount of cane on his hands, undelivered to the railroad company, by reason of the closure of said factory, the said cane remaining in the parish of St. Martin where the property of said Olivier was. Answering further, respondent admits that the domicile of relator is in the parish of St. Mary and that the factory operated by it is also situated in said parish. And answering further, your respondent avers that, under the law and upon the facts as shown upon the trial of the exception, he had jurisdiction of said cause.”
And the learned respondent then cites Act 44 of 1910. The act cited is, however, a statute of general application, and has no repealing clause. It purports “to amend and re-enact Act No. 108 of 1908,” which is an act amending and re-enacting article 165 of the Code of Practice. On the other hand, there is upon the statute books the Act No. 167 of 1894, entitled; “An act to authorize the institution of suits, in certain cases, in another parish than that of the domicile of the defendant,” and it provides:
“Section 1. * * * That, in all cases where sugar cane is sold, by the ton, or otherwise. to another, * * * all suits for the recovery of damages * * * for the inexecution of such contract * * * shall he brought, at the option of the ’ plaintiff, either at the domicile of the defendant, * * * or in the parish where is situated the factory at which such came * * * is manufactured or delivered for that purpose, whether such parish be the domicile of the defendant or not.” (Italics by the court.)
The act thus quoted, being special in its application to suits such as that.brought by plaintiff, is not, as we think, repealed by the general statute (which has no repealing clause) referred to by respondent. It is true that plaintiff, in his petition, alleges that the cane contracted about was “to be delivered by petitioner to defendant at Duchamp’s Switch, on the line of Morgan’s * * * Railroad, * * * in the parish of St. Martin”; but the contract reads, “The party of the first part contracts and agrees to deliver, by the Southern Pacific R. R.” (which is another name for the Morgan, etc., Railroad) “the product of ninety arpents of cane,” etc.; and, as we read the entire contract, including certain correspondence relied on by plaintiff, and consider the evidence given on the trial of the exception, there appears to us to be no room for doubt that it was within the contemplation of the contractants that the cane in question was to be “manufactured” at relator’s factory, in the parish of St. Mary, and that, whilst relator was to furnish the cars, for its transportation, at Duchamp’s Switch (which was, no doubt, near where the cane was raised) and receive it there, for the purposes of its transportation, its ultimate delivery and acceptance were to take place at the factory. In the view thus expressed, the decision in the case of City of Lafayette v. Wells Fargo & Co. Express, 129 La. 323, 56 South. 257, to which respondent refers, is without application. We are inclined to think, too, that our learned brother, whilst, perhaps, sustained by the letter of the opinion, has given it a *715 wider application than whs intended by the court.
For the reasons thus assigned, it is adjudged and decreed that relator’s exception be maintained, and that the alternative writ herein issued be now made peremptory.