(69 South. 159)

No. 21248.

PAEPCKE LEICHT LUMBER CO. v. VANTROMPT, Tax Collector.

In re VANTROMPT, Tax Collector.

(May 24, 1915. Rehearing Denied June 28, 1915.)

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS ☞958—STATUTES ☞162—TAXES — APPLICATION OF STATE LAWS—IMPLIED REPEAL—SPECIAL LAWS.

Act No. 170 of 1898 is a general revenue law for the assessment and collection of state and parish taxes, through collectors representing the state. The provisions of that statute relative to penalties, attorney fees, injunctions, etc., have no application to the collection of municipal taxes by the town of Bayou Sara, incorporated by Act No. 109 of 1850. While the charter of that town has been modified in some respects by direct legislative provisions relative to taxation, its provisions otherwise remain in full force and effect.

Special laws are not, as a rule, repealed by general laws on the same subject-matter.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2023–2037; Dec. Dig. ☞958; Statutes, Cent. Dig. §§ 235–237; Dec. Dig. ☞162.]

Suit for injunction by Paepcke Leicht Lumber Company against Mose Vantrompt, Tax Collector. The decree of the district court, dismissing the writ, was reversed by the Court of Appeals, and the case remanded for trial on its merits, and the defendant applies for a writ of review. Judgment of the Court of Appeals set aside and a judgment of the district court reversed, and cause remanded for further proceedings.

Charles L. Munson, of St. Francisville, for applicant. Lawrason & Kilbourne, of St. Francisville, for respondent.

LAND, J. In this case, the plaintiff sued to annul an assessment of its property, purporting to have been made by the "city board of aldermen" of the town of Bayou Sara, on the ground that, even if such board was a legal body, it was without authority under the law to assess property for taxes. Plaintiff sued out an injunction to restrain the tax collector of the town from selling the property.

Defendant in his answer admitted that the town council of Bayou Sara had assessed the property in question for taxes, and averred it had authority so to do under its legislative charter of 1850. Defendant in his answer claimed $50 damages for attorney fees, and interest on the taxes.

The pleadings thus presented the clear-cut issue whether the town of Bayou Sara still has the power, under its charter, to make assessments of property for taxation. The case, however, was dismissed on subsequent exception "that plaintiff herein is prohibited from prosecuting this cause under the terms,

purport, and intent of section 56, Act 170 of 1898, Act 182 of 1906, and Act 66 of 1906."

The decree of the district court maintained the exception and dismissed the suit, and ordered that the plaintiff pay all costs, damages, statutory attorney fees, penalties, and interest. Plaintiff appealed to the Court of Appeals.

Defendant's counsel contended in that court that the injunction was fatally defective, because granted ex parte and on insufficient bond, in violation of section 56, Act 170 of 1898, and that plaintiff was estopped from attacking legality of the tax, because it failed to comply with Act 66 of 1906, which requires, within first 20 days of January of each year, a sworn statement of the value of the property of all nonresident corporations located in this state.

The Court of Appeals was of opinion that the defendant had waived all formal objections to the injunction, by unreasonable delay in filing his motion to dissolve, and that an injunction will not be dissolved for informalities, where it is evident that the plaintiff will be entitled to another on the same grounds. The Court of Appeals reversed the judgment of the district court and remanded the case for trial on the merits.

The case comes before us on a writ of review. Article 243 of the Constitution of 1898 provides that:

"All the articles and provisions of this Constitution regulating and relating to the collection of state taxes and tax sales shall also apply to and regulate the collection of parish, district, municipal, board and ward taxes."

But such provisions go no further than to provide for the sale of property to pay taxes, interest, and costs, and for the redemption of property on certain terms and conditions.

Act 170 of 1898 is a general revenue law, providing for the assessment of property and the collection of state and parish taxes due thereon. Section 56 of this act, after fixing the compensation of the lawyer for the tax collector in injunction and other proceedings, further provides that no injunction shall be issued by any court restraining the collection of any tax or taxes, except after judgment making absolute a rule issued against the tax collector, and on a bond, with good security, for an amount exceeding by one-half the sum of the contested taxes, with interest, penalties, and costs.

Section 56 refers manifestly to state tax collectors, and by no rule of construction can the term be expanded so as to embrace municipal tax collectors. The state has no interest in the collection of municipal taxes, which, time out of mind, have been provided for in the charters of cities, towns, and villages.

Section 85 of the same act declares, in general terms, that its provisions "shall apply to the assessment and tax sale of all property for parish and municipal taxes." But the title of the act does not refer to municipal taxation, and the provision quoted does not declare that all the rules and regulations for the collection of state taxes shall apply to cities and towns.

Act No. 109 of 1850, empowered the mayor and council of the town of Bayou Sara to make rules and regulations relating to the assessment and taxation of property for municipal purposes. This charter, we assume, is still in force, subject to the provisions of the organic laws of the state, and such statutory enactments as directly, or by necessary implication, repeal or modify its provisions.

That a general law does not repeal a special law is a well-recognized legal maxim. See City of New Orleans v. Poydras Orphan Asylum, 33 La. Ann. 850; City of New Orleans v. Canal & Navigation Co., 36 La. Ann. 396; State ex rel. Pemble v. Police Jury, 42 La. Ann. 74, 7 South. 65; Naturalization of Osthoff, 48 La. Ann. 1094, 20 South. 282.

There are a number of towns in this state incorporated prior to 1879, under special charters, exempting them from direct parish taxation. While such charters have been modified in some respects by direct legislative

provisions, otherwise they remain in full force and effect. See Felix v. Wagner, 39 La. Ann. 391, 1 South. 926.

There is nothing in the charter of the town of Bayou Sara, that restricts the power of the judge to issue injunctions against illegal tax sales, or that limits his discretion in fixing the amount of the bond, or that imposes any other penalty than the payment of interest on delinquent taxpayers.

It is therefore ordered that the judgment of the Court of Appeals herein be set aside, and it is now ordered that the judgment of the district court herein be reversed, and that this case be remanded to the district court for further proceedings according to law; costs of appeal to be paid by defendant.