(75 South. 100)

No. 22351.

STATE v. McCUE.

In re McCUE.

(April 16, 1917.)

*(Syllabus by the Court.)*

**1.** INTOXICATING LIQUORS ⬤⟲221 — INDICTMENT—REQUISITES.

In an indictment or bill of information charging a violation of Act No. 14 of 1916, making it unlawful to sell or keep for sale malt liquors in a place where the sale of intoxicating liquors is prohibited, it is not necessary to charge that the person accused had not obtained a license for the sale of malt liquor.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 240–248.]

**2.** STATUTES ⬤⟲86—CRIMINAL STATUTE—LOCAL OR SPECIAL LAW.

A criminal statute, general in its terms, applying alike to all persons who may come within its provisions, is not a local or special law, within the meaning of articles 48 and 50 of the Constitution, even though the conditions under which it can operate prevail only in certain parts of the state.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 96.]

**3.** STATUTES ⬤⟲85(1), 87—LOCAL OR SPECIAL LAW—CONSTITUTIONAL PROVISIONS.

The constitutional prohibition that the General Assembly shall not pass any local or special law concerning any civil or criminal actions means merely that the Legislature shall not pass a local or special law affecting any

141 LA.—14

particular lawsuit, or regulating the trial of lawsuits in a particular locality.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 87, 94–96.]

**4.** INTOXICATING LIQUORS ⬤⟲17 — SALE OF MALT LIQUORS — CONSTITUTIONAL PROVISION.

Article 181 of the Constitution, declaring that the General Assembly may enact laws regulating the sale and use of alcoholic or spirituous liquors as a matter of police regulation, does not imply that the Legislature may not enact a law forbidding the sale or keeping for sale of malt liquors in a place where the sale of intoxicating liquors is prohibited.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 21–23.]

**5.** INTOXICATING LIQUORS ⬤⟲25 — SALE OF MALT LIQUORS—STATUTES—CONFLICT.

Act No. 14 of 1916, making it unlawful to sell or keep for sale malt liquors in a place where the sale of intoxicating liquors is prohibited, is not inconsistent or in conflict with Act No. 113 of 1916, regulating the shipment of vinous liquors to places where the sale of such liquors is prohibited.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 31.]

**6.** INTOXICATING LIQUORS ⬤⟲242—OFFENSES —PUNISHMENT.

Act No. 14 of 1916, declaring that whoever shall violate the provisions of the act shall be punished by a fine not less than $100, nor more than $500, or by imprisonment for a term not less than 30 days nor more than 6 months, does not authorize the imposition of both fine and imprisonment. As the result of an apparent hiatus in the statute, the provision that, on failure to pay the fine, the party convicted shall be imprisoned an additional term not exceeding 6 months is inoperative.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 356–361.]

Vickie McCue was convicted of violating a statute making it unlawful to sell or keep for sale any malt liquors, whether intoxicating or not, in any parish where the sale of intoxicating liquors is prohibited by law or ordinance, and she applies for writ of certiorari and prohibition. Sentence imposed set aside, and case remanded to district court for a correct sentence.

Charles F. Crane and Foster, Looney & Wilkinson, all of Shreveport, for applicant.

O'NIELL, J. The relator was convicted of violating Act No. 14 of 1916, making it un-

lawful to sell or keep for sale any malt liquors, whether intoxicating or not, whether containing alcohol or not, in any parish, ward, city, town, or village where the sale of intoxicating liquors is prohibited by law or ordinance.

The bill of information charged that the defendant did unlawfully keep for sale malt liquors, to wit: Budweiser beer, at her residence and place of business, 112 Cain street, Shreveport, Caddo parish, La., in which parish the sale of intoxicating liquors is prohibited by law.

Before pleading to the bill of information, she filed a motion to quash the same, on the ground: First, that it did not charge any offense against the laws of this state; second, that Act No. 14 of 1916 is unconstitutional for a number of reasons set forth in the motion; and, third, that the statute is inconsistent with, and was therefore repealed by implication by, Act No. 113 of 1916.

The motion to quash the bill of information was overruled, and a bill of exception was reserved to the ruling. After the conviction, and before sentence was imposed, the defendant filed a motion in arrest of judgment, repeating the contentions made in her motion to quash the bill of information. The motion in arrest was also overruled, and bills of exception were reserved to the ruling. She was sentenced to pay a fine of $250 and costs, and to serve a term of 90 days in jail, and, in default of paying the fine, to serve an additional term of 90 days in jail.

The sentence being insufficient to entitle the defendant to an appeal, she has applied for a writ of prohibition, and the record has been brought up in response to a writ of certiorari. In addition to the contentions made in her motion to quash the bill of information and motion in arrest of judgment, the defendant contends that the sentence of both fine and imprisonment is unwarranted and illegal.

No brief or printed argument has been filed on behalf of the state or the relator; and the proceeding is one in which oral argument was not permitted. We will dispose of the contentions of the relator, as we understand them, in the order in which they appear in the record.

[1] The contention that the bill of information does not charge any offense against the laws of this state is said to refer to the omission to allege that the defendant had not obtained a license for the sale of malt liquor. It was not necessary for the bill of information to contain that allegation. The offense charged was the keeping for sale of malt liquor in a parish in which the sale of intoxicating liquors is prohibited; and the bill of information followed the language of the statute.

The relator contends that Act No. 14 of 1916 violates article 31 of the Constitution, in that it embraces more than one object, that the act is broader than its title, and that the object of the statute is not expressed in its title. That complaint, we assume, refers to the provision of the third section of the statute, that the possession of any malt liquors in any place of business shall be prima facie evidence that the same is kept for sale. That particular means of aiding in the enforcement of the law is not, in terms, expressed in the title of the act. But it does not appear from the record that the defendant's having possession of malt liquor in her place of business was held to be, or even introduced as, prima facie evidence that she kept the same for sale. Hence the defendant cannot require that we express an opinion, and we express none, on that provision of the statute which declares that the possession of malt liquor in any place of business shall be prima facie evidence that it is kept for sale. State v. Emile, 140 La. 829, 74 South. 164. The object of the law, to prohibit the sale or keeping for sale of malt

liquors in any parish, ward, city, town or village in which the sale of intoxicating liquors is prohibited, is clearly expressed in the title of the act.

[2, 3] It is contended that Act No. 14 of 1916 is a local law, because it applies only to the localities in which the sale of intoxicating liquor is prohibited, and that it therefore violates the provision of article 48 of the Constitution that the General Assembly shall not pass any local law concerning any civil or criminal action, and that it violates article 50 of the Constitution, in that it was enacted without previous publication of the notice of the intention to apply to the Legislature for the enactment. The answer to these contentions is that Act No. 14 of 1916 is not a local law, within the meaning of articles 48 and 50 of the Constitution, even though the conditions under which it can operate prevail only in certain parts of the state. See City of Shreveport v. Nejin, 140 La. 785, 73 South. 996, and State v. Nejin, 140 La. 793, 74 South. 103. Moreover, the constitutional prohibition that the General Assembly shall not pass any local or special law concerning any civil or criminal actions means merely that the Legislature shall not pass a local or special law affecting any particular lawsuit or regulating the trial of lawsuits, civil or criminal, in any particular locality. See State v. Peter Felter et al., No. 22,427, 74 South. 629, ante, p. 58.

[4] It is contended that Act No. 14 of 1916 violates article 181 of the Constitution, which declares that the regulation of the sale of alcoholic or spirituous liquors is a police regulation, and that the General Assembly may enact laws regulating its sale and use. The argument is that, by implication, the Constitution prohibits the enactment of any law to prevent the sale or keeping for sale of malt liquors, even in a place where the sale of intoxicating liquors is prohibited. There is no merit whatever in that contention. Act No. 14 of 1916 is a legitimate exercise of the police power of the Legislature to prevent the operation of blind tigers or the sale of intoxicating liquors in places where it is prohibited. There is no constitutional restraint upon the enactment of such police regulations.

[5] The contention that Act No. 14 of 1916 was repealed, by implication, by Act No. 113 of 1916 is without merit. The repealing clause of the latter statute only repeals all laws or parts of laws in conflict or inconsistent with the provisions of the act. That statute relates only to vinous liquor, regulating its shipment into territory where the sale of it is prohibited. It has no reference or application to malt liquors. The provisions of Act No. 14 of 1916, relating only to the sale or keeping for sale of malt liquors, are not inconsistent with or contrary to any of the provisions of Act No. 113 of 1916, relating only to the shipment of vinous liquors into territory where the sale of such liquors is prohibited.

[6] There is no cause for holding the statute under which the relator was convicted unconstitutional or inoperative, nor for setting aside the conviction. But the sentence condemning her to pay a fine and to serve a term of imprisonment is illegal. There is no authority for imposing the penalty of both fine and imprisonment. The punishment provided for a violation of the statute is a fine not less than $100 nor more than $500, or imprisonment for a term not less than 30 days nor more than 6 months. It is true, the statute declares that, on failure to pay such fine, the party convicted shall be imprisoned for an additional term not exceeding 6 months, and that, for a second or subsequent offense, the punishment may be doubled. But there seems to be a hiatus in that part of the statute, which declares what the punishment shall be for a violation of the law. The authority to impose an alternative penalty ei-

ther of fine or imprisonment is not authority for imposing both fine and imprisonment. The omission of the usual expression, "or both fine and imprisonment, at the discretion of the court," may have been an accident or inadvertence on the part of the Legislature; but we have no authority to correct the supposed error or supply the omission. We are constrained to set aside the sentence imposed upon the relator, and remand the case to the district court for a sentence of fine or imprisonment, not both. See State v. Anderson, 125 La. 779, 51 South. 846.

The sentence imposed upon the relator is set aside, and this case is remanded to the district court for a correct sentence.