(75 South. 421)

No. 22406.

STATE v. EDWARDS.

(May 14, 1917.)

*(Syllabus by the Court.)*

1. BLIND TIGER ACT—CONSTITUTIONALITY.

The rulings in State v. Nejin, 140 La. 793, 74 South. 103, upon various grounds of attack upon the constitutionality of Act No. 8 of 1915 (Ex. Sess.), are affirmed.

2. INTOXICATING LIQUORS ⬦⬦132 — KEEPING BLIND TIGER—CONSTRUCTION OF STATUTES—SALE OF WHISKY.

Act No. 8 of 1915 (Ex. Sess.), defines a blind tiger and penalizes the keeping of the same; it deals with the keeping for sale, etc., in dry territory, of spirituous, malt, and intoxicating liquors, whereas, Act No. 14 of 1916 deals with the selling or keeping for sale, etc., in dry territory of "malt liquors, whether intoxicating or not and whether containing alcohol or not." The two statutes can, and should, be construed together, so as to give the utmost effect to each, and as the act of 1916 does not refer to whisky, the act of 1915 stands unrepealed in a case where the defendant is charged with keeping that beverage for sale.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 141.]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Fannie Edwards was convicted of keeping a blind tiger, and she appeals. Affirmed.

Foster, Looney & Wilkinson, of Shreveport, for appellant. A. V. Coco, Atty. Gen., and Wm. A. Mabry, Dist. Atty., of Shreveport (Vernon A. Coco, of Marksville, of counsel), for the State.

MONROE, C. J. Defendant having been convicted of "keeping a blind tiger," and duly sentenced, prosecutes this appeal, but has put in no appearance in this court, by counsel or otherwise.

We find in the transcript a bill of exception to the overruling of defendant's objection to the following question propounded by the prosecution to a state witness, to wit:

"Did you find a number of empty bottles in the back yard and in the rear of defendant's premises at the time she was arrested on the charges herein made against her."

The question was not objected to as leading, but on the grounds that the bottles referred to were on defendant's premises prior to the date of the offense charged, and had served in a previous prosecution and conviction.

The objection was frivolous and was properly overruled.

The other bill was reserved to the overruling of a motion in arrest of judgment which alleges:

That the indictment charges four distinct offenses in one count.

We have been able to discover but one.

[1] That it is based on Act No. 8 of 1915, which is unconstitutional: (1) Because the title expresses two objects, viz. to define and prohibit the keeping of a blind tiger, and to provide for the search for, and seizure of, intoxicating liquor; (2) that it authorizes unreasonable searches and seizure and searches without requiring an oath describing the persons and things to be seized; (3) that it authorizes taking of private property with-

out due process of law; (4) that it discriminates "against persons in dry territory in favor of those in wet, against the retailer in favor of the wholesaler, and authorizes the arrest and conviction of persons found in places where liquor is sold, though they may be ignorant of the presence of the liquor; (5) that it is a special act, and was adopted without the notice required by article 50 of the Constitution; (6) that it applies to one part of the state and not to another; (7) that it has been repealed by Act No. 14 of 1916.

All of the grounds thus stated, save the last, were considered, and held to be not well taken, in State v. Nejin, 140 La. 793, 74 South. 103, and the rulings in that case are affirmed.

[2] As to the last ground, Act No. 8 of 1915 (Extra Session) penalizes the keeping "for sale, barter, exchange or habitual giving away," in dry territory, whether in connection with another business or otherwise, of spirituous, malt, or intoxicating liquors. Act 14 of 1916 appears to be directed more particularly against such beverages as "near beer," etc., and penalizes the selling or keeping for sale, in dry territory, of "any malt liquors, whether intoxicating or not, and whether containing alcohol or not." In answer to her call for a bill of particulars, defendant was informed that she was charged with keeping whisky for sale, and we fail to discover any conflict between the acts of 1915 and 1916 on that subject. If she had been charged with keeping malt liquors, she might have claimed the benefit of the act of 1916, the minimum penalty of which is $100 lighter than that imposed by the act of 1915. The two statutes can, and should, be construed, if possible, so as to give the utmost effect to each, and, as the act of 1916 does not refer to whisky, the act of 1915 stands unrepealed for the purposes of this case.

Judgment affirmed.