PROVOSTY, J.
Defendant was convicted of a violation of Act 14, p. 45, of 1916, and has appealed.
*595 The said-act reads as follows:
“An act to prohibit the selling or keeping for sale, in those parishes, wards, cities, towns and villages of this state where the sale of intoxicating liquors is prohibited by law or ordinances, any malt liquors, whether intoxicating or not, and whether containing alcohol or not, and to fix the penalty therefor, and to repeal all laws and parts of law in conflict with this act.
“Section 1. Be it enacted by the General Assembly of the State of Louisiana: That whoever shall sell or keep for sale any malt liquors, whether intoxicating or not, and whether containing alcohol or not, in any parish, ward, city, town or village of this state where the sale of intoxicating liquors is prohibited by law or ordinance, shall, on conviction, be punished by a fine not less than one hundred ($100.00) dollars, nor more than five hundred ($500.00) dollars, or imprisoned not less than thirty (30) days nor more than six (6) months, and on failure to pay such fine, shall be imprisoned for not more than six (6) months additional and for a second or subsequent offense the punishment may be doubled.
“Sec. 2. Be it further enacted, etc., that it shall be the duty of all peace officers, including the sheriff and his deputies and all policemen and town and city marshals, to aid in enforcing this law.
“Sec. 3. Be it further enacted, etc., that the possession in any place of business of any such malt liquors shall be prima facie evidence that same is kept for sale.
“Sec. 4. Be it further enacted, etc., that this act shall take effect from its promulgation and that all laws or parts of laws in conflict with this act be and the same are hereby repealed.”
Defendant assails the constitutionality of this act on several grounds.
[1] First. That it deprives defendant of his property without due process of law, by prohibiting him from engaging in the gainful occupation of selling nonintoxicating malt liquors.
See, contra, State v. Nejin, 74 South. 103[1]; Purity Extract & Tonic Co. v. Lynch, 226 U. S. 192, 33 Sup. Ct. 44, 57 L. Ed. 184; State v. George, 136 La. 906, 67 South. 953; Feibelman v. State, 130 Ala. 122, 30 South. 384; Pennell v. State, 141 Wis. 35, 123 N. W. 115; State v. Fargo Bottling Works Co., 19 N. D. 396, 124 N. W. 387, 26 L. R. A. (N. S.) 872; Com. V. Henry, 110 Va. 879, 65 S. E. 570, 26 L. R. A. (N. S.) 883.
[2] Second. That it violates article 181 of the Constitution, which, by providing that the Legislature may regulate the sale and use of alcoholic liquors, impliedly forbids the Legislature to prohibit altogether the sale or use of such liquors.
See, contra, State v. McCue, 75 South. 100, ante, p. 417, handed down April 16, 1917.
[3] Third. That it violates article 48, which declares that the Legislature shall not pass any local or special law “regulating labor, trades, manufacture or agriculture.”
See, contra, State v. Nejin, 74 South. 103, 140 La. 793; State v. Edwards, this day handed down, 75 South. 421, ante, p. 591.
[4] Fourth. That it violates article 31 of the Constitution, in that it has more than one object and its object is not expressed in its title.
See, contra, State v. McCue, 75 South. 100, ante, p. 417, handed down April 16, 1917.
Judgment affirmed.

 140La. 793.