ODOM, Justice.
 

 The city of Bogalusa was incorporated by Act No. 14, Regular Session of 1914. Section 15 of that act reads as follows:
 

 “No intoxicating liquors, wine or beer shall be sold within the limits of the City of Bogalusa at wholesale or retail, and the Commission Council shall strictly enforce this prohibition by ordinances imposing penalties for its violation.”
 

 On September 2, 1914, the commission council of the city adopted Ordinance No. 2, prohibiting the sale of intoxicating liquors, wine, or beer within 'the city limits, and provided penalties for its violation.
 

 On December 3, 1921, the commission council adopted Ordinance No. 202, which is a duplicate of the Hood Act (Act No. 39, Extra Session, 1921). This ordinance prohibits the manufacture, sale, or possession of intoxicating liquors within the city for beverage pur
 
 *162
 
 poses, and fixes penalties for the violation of its provisions.
 

 An aifidavit was filed on October 23, 1934, charging that the defendant, Toney Gullotta, did, on October 1, 1934, unlawfully sell and retail spirituous and intoxicating liquors within the city limits of the city of Bogalusa in violation of the provisions of the city charter and the ordinance which prohibits the sale of such liquors.
 

 The defendant, through counsel, moved to quash the charge on the ground that section 15, Act No. 14 of 1914, which prohibits the sale of intoxicating liquors in the city of Bogalusa, is unconstitutional, for various reasons which need not be discussed, because that plea was not passed upon by the city judge and seems to have been abandoned.
 

 Counsel for defendant interposed the further objection:
 

 “That the provisions of the charter of the city of Bogalusa set out in said affidavit (referring to Sec. 15 of the act) has been repealed and made null and void by the provisions of Act 39 of 1921 (Extra Session) and acts 1 and 2 of the Acts of the Legislature of the State of Louisiana adopted at the extraordinary session held in the year 1933, which said acts repeal act 39 * * * for the year 1921, and authorized the sale of intoxicating liquor throughout the State of Louisiana, and by Act Number 15 of the Acts of the Legislature for the year 1934.”
 

 The city judge quashed the affidavit holding that section 15 of the charter of the city, which prohibits the sale of intoxicating liquors within its limits, has been repealed by subsequent legislation, and for that reason the city ordinances adopted to carry that provision into effect are null and void. The city of Bogalusa appealed.
 

 The object of the so-called “Hood Law,” which is Act No. 39, Extra Session of 1921, was to prohibit the manufacture, sale, possession, etc., of intoxicating liquors within the state, and to provide penalties for the violation of the act. According to the express terms of section 10 of that act, it repealed no laws except those in conflict with its provisions.
 

 Act No. 14 of 1914 incorporates the city of Bogalusa. Section 15 of that act prohibits the sale of intoxicating liquors within the limits of that city. It is clear, therefore, that there was no conflict between section 15, Act No. 14 of 1914, and Act No. 39, Extra Session of 1921, and since there was none, it follows that the provision in the charter of the city of Bogalusa prohibiting the sale of intoxicating liquor was not repealed by the Hood Law.
 

 Act No. 1, Extra Session of 1933, repealed the Hood Law. Act No. 2 of the same session levies an excise or license tax on all beer, porter, ale, fruit juices, or wine sold, handled, used, consumed, or distributed in the state of an alcoholic content not exceeding that which is now permitted or which may hereafter be permitted by law, but greater than one-half of one per cent, of alcohol by volume.
 

 We mention these two acts of 1933 because they are referred to by counsel in their motion to quash. They are not at all pertinent to the issue here involved, and, as they are not mentioned in counsel’s brief, we shall not discuss them. Counsel’s contention before us
 
 *164
 
 is couched in the following language; which we copy from their brief at page 3:
 

 “The defendant contends that the provisions of the charter of the city of Bogalusa, which so prohibit the sale of intoxicating liquors therein, have been repealed by the terms and conditions of Act 15 of 1934, and that therefore, there is neither law nor ordinance effective within the city of Bogalusa which prevents the sale of intoxicants.”
 

 We do not think that part of the charter of the city of Bogalusa prohibiting the sale of intoxicants therein was repealed by Act No. 15 of 1934. Act No. 14 of 1914, which incorporated that city, is a special act of the Legislature and Act No. 15 of 1934 is a general regulatory statute which does not in terms repeal section 15 of the city’s charter, and it is settled in this state, as elsewhere, that a general statute does not repeal by implication an earlier local or special law, unless the intent to do so clearly appears. Act No. 15 of 1934 in terms repeals only such laws as are inconsistent or in conflict with its provisions.
 

 In the case of Garrett and Blanks v. Aby, Mayor, 47 La. Ann. 618, 17 So. 238, 239, this court said:
 

 “The legislative charter of a municipal corporation being a special act, apart from, the body of general laws of the state, it cannot be repealed by a general law of the state, unless that intention clearly appears from the terms of the general act; and, that the general act shall repeal the special law, it must appear that the provisions of the former are irreconcilably inconsistent with those of the latter.”
 

 Welch v. Gossens et al., 51 La. Ann. 852, 25 So. 472, is a leading case touching this subject, where practically all the earlier cases are reviewed. In the Welch Case it was held, quoting paragraph 1 of the syllabus, that: “The provisions of the legislative charter of a municipal corporation, with regard to the election of its officers, are not impliedly repealed by the provisions of a subsequently enacted general election law, which makes no mention thereof.”
 

 In State ex rel. Barrow v. Ogden, 50 La. Ann. 982, 24 So. 593, 594, the court said:
 

 “It is clearly settled that the leaning of the court should be against the doctrine of repeal by implication or liberal construction. The two laws should stand, unless it be evident that the last repeals the particular law. If reason arises in support of each position, about equally good, the decision, in our view, should be against declaring a law repealed.”
 

 These cases announce the general rule which has been followed in many subsequent cases, such as Cumberland T. & T. Co. v. Morgan’s L. & T. R. Co., 112 La. 287, 36 So. 352; Olivier v. Adeline Sugar Factory Co., Ltd., 131 La. 712, 60 So. 201; Paepcke Leicht Lbr. Co. v. Vantrompt, Tax Collector, 137 La. 743, 69 So. 159; and State ex rel. Day v. Rapides Parish School Board, 158 La. 251, 103 So. 757, 760.
 

 In the last-cited case, the court quoted with approval the following from Cumberland T. & T. Co. v. Morgan’s, etc., Co., supra:
 

 “The lawmakers, having enacted a special statute for a particular case, will not be presumed to intend its repeal or amendment by the subsequent enactment of a general statute on the same subject-matter.”
 

 
 *166
 
 In 25 B. C. L., par. 177, p. 928, the following text is found:
 

 “The general rule is that a general statute does not repeal a special statute unless the purpose so to do is clearly manifest. This is not a rule of positive law but of construction, and it must yield where there is manifest legislative intention that the general act shall be of universal application, notwithstanding the prior special or local act.”
 

 In support of this text, several United States Supreme Court cases are cited, as well as decisions by state courts of last resort. On page 927 the following statement is found:
 

 “It is unquestionably true that where the provisions of a general and a local or special act are so irreconcilably conflicting that both can not be given effect, the inconsistent provisions of the earlier local or special act are repealed by implication.”
 

 The question then is whether that part of the city charter of Bogalusa which prohibits the sale of intoxicating beverages within its limits is irreconcilably in conflict with the provisions of Act No. 15 of 1934.
 

 We do not think so. Act No. 15 of 1934 is a general statute, the prime object of which, as expressed in its title, is to regulate the traffic in malt, yinous, spirituous, alcoholic,' or intoxicating liquors containing more than 6 per cent, of alcohol by volume, and “as incidental to such regulation, to provide additional revenue for the State of Louisiana by the levying of an excise or license tax * * * on all such * * * liquors * * * sold, handled, used, consumed, stored or distributed in the State of Louisiana.” And, quoting further from the title, “providing that such liquor business shall not be licensed nor shall this Act be construed as permitting such business to be conducted in parishes, wards and municipalities where, by vote of a majority of those duly qualified electors voting at an election to be held as provided, in House Bill No. 25 of the regular session of 1934 (Act No..... of 1934), it has been determined that such business shall not be therein permitted.”
 

 The city judge, in an exhaustive written opinion which we find in the record, well said:
 

 “Of course, the object of Act 15 of 1934, is to regulate the traffic in malt, vinous, spirituous, alcoholic or intoxicating liquors containing inore than 6 per cent, of alcohol by volume as defined in the act; and this object is expressed in the first part of the title.”
 

 We concur in this view as to the object of the act. As an incident to the prime object of the act, which is to regulate the liquor traffic, parishes, wards, and municipalities of the state are permitted by referendum vote to determine whether intoxicating liquors may be sold within their own limits. This is indicat1 ed in the title and is cai'ried out in the body of the act. Section 25 provides that the police juries of the several parishes of the state and the governing authorities of all municipalities shall have the power to prohibit the sale or distribution of intoxicating liquors; within their respective limits, as said governing authorities may deem advisable. That, section further provides that whenever it is; deemed advisable in tire judgment of the governing authorities, an election on the ques=tion of granting or withholding permits for the sale of such liquors shall be held, and that in case 33% per cent, or more of the qualified electors of such subdivisions; present.
 
 *168
 
 a petition for such election, “the said governing body shall proceed to call an election, to be held within ninety (90) days from the date said petition or petitions shall have been presented.”
 

 It is further provided that in case a majority of those voting at said election shall be against permitting the sale of liquors, then said vote shall control the actions of the govéfning authorities.
 

 Section 24 provides that the act shall go into effect according to the Constitution “and shall be otherwise at all times operative and in full force and effect
 
 throughout the State, except as to such parishes, wards, and municipalities as may hereafter determine, by popula.r vote as is hereinafter provided for,
 
 that the business of the manufacture, production, sale
 
 * * *
 
 of * * * alcoholic * * * liquor, shall not be conducted in such parishes, wards or municipalities.” (Italics ours.)
 

 Section 4 of the act provides that the state shall not issue permits for the sale of such liquors in parishes or municipalities “wherein the aforesaid businesses have been prohibited by referendum vote, as hereinafter provided for.”
 

 • We have quoted at length and emphasized those parts of the act which provide that local subdivisions of the state may determine whether intoxicating liquors may be sold within their limits and that portion of section 24 which says that the act shall be “operative and in full force and effect throughout the State,” except in those parts thereof in which such traffic has been prohibited by local authorities; because it is contended by counsel and was held by the trial judge that the language of the statute clearly implies that the Legislature intended, by inserting the quoted provisions, and especially the one that the act should be operative throughout the state, to repeal all local or special laws prohibiting the sale of intoxicating liquors within specified areas.
 

 We do not concur in this view. In construing statutes, especially with reference to the question whether they are intended to repeal local or special laws, courts must keep in mind always the object or purpose of the act. Clearly, the object or purpose of Act No. 15 of 1934 is to regulate the liquor traffic in the state. Keeping in mind that it was clearly the intent of the lawmakers, by adopting Act No. 15 of 1934, to regulate the liquor traffic, it cannot be said, we think, that the above-quoted provisions of the act are irreconcilably in conflict with that section of the legislative charter of Bogalusa which prohibits the sale of intoxicating liquors. The object or purpose of the act of 1934 was not to make any part of the state either wet or dry, but only to regulate the liquor traffic where such traffic was then or might thereafter be permitted.by law.
 

 The liquor traffic was prohibited in Bogalusa by its charter when Act No. 15 of 1934 was adopted. There was no liquor traffic permitted there to be regulated, and for that reason the act did not have effect there. "The option or privilege granted by the act to the electors of the various subdivisions of the state to determine whether liquors should be sold within their territories could not be exercised in localities where the traffic was already prohibited by special laws enacted under the police power of the state. The traffic cannot be legalized by referendum vote in
 
 *170
 
 territory where it is prohibited by a special or local act, and there could be no purpose in holding an election to vote the traffic down where it was already prohibited.
 

 The object or purpose of the referendum provisions of Act No. 15 of 1934, was to reestablish local option which prevailed under the old local option law of 1902 (Act No. 221), which was repealed by Act No. 39 of 3921 (Ex. Sess.), known as the Hood bill. The act of 1902, like Act No. 15 of 1934, granted to the electors of. any parish, ward, or municipality the right to determine whether licenses should be granted or withheld for the sale of intoxicants. But the lawmakers saw fit on many occasions subsequent to the adoption of the local option law in 1902 to withdraw from the electors of certain localities in the state the right to determine whether license should be granted or withheld for the sale of liquors. This is evidenced by the passage of such acts as Nos. 46, 290, 47, 256, 259, 121, 302 and 193 of 1908 prohibiting the sale of intoxicating liquors near to Benton, Eras, Haughton, Hornbeek, Jonesville, Mansfield, and Orange Grove High Schools, and the State Normal College, respectively. The effect of statutes of this kind was to repeal the local option law in so far as the territory covered by these special statutes is concerned, because a special or local statute which unqualifiedly prohibits the sale of liquor is incon-, sistent and in irreconcilable conflict with one which confers the right of local option. The above-cited acts and many others like them, all authorized and adopted under the police power of the state, were in the statute books of the state at the time Act No. 15 of 1934 was adopted to the knowledge of the members of the Legislature of that year, and if it had been intended that they be repealed it is reasonable to assume that the. act would.have so provided in terms.
 

 Prior to the adoption of the Hood bill in 1921, there was both dry and wet territory in the state. Some sections were made dry by the exercise of the privilege granted under the local option law of 1902. Other sections were made dry by special legislative enactments. After the adoption of the Hood Law • the entire state was dry. ■ But when the Hood'. Law was repealed by Act. No. 1, Ex. Sess. of' 1933, all those sections which had been made dry under the local option law of-1902 became wet, because the local option law was repealed by the Hood Law. However, as the Hood-Law did not repeal the special or local stat-; utes prohibiting the sale of liquor in designated communities, because it was not inconsistent or in conflict with them, such localities remained dry and were still dry when Act No. 15 of 1934 was adopted.
 

 The city of Bogalusa was dry by virtue of: its charter provisions prohibiting the sale of liquor within its limits. The purpose of a referendum vote provided for in the act of 1934 was to permit the electors to determine whether territory which was then wet should remain so. Both the title and the body of the act of 1934 maxe it clear that no permits should be granted by the state for the sale of intoxicants in local dry territory, and’ it was a matter of no concern to the Legislature whether a particular locality- was made dry by virtue of a referendum vote or by a local prohibitory statute.
 

 The state máy, under its police powers, ^nact laws regulating the liquor traffic, or it - may prohibit the traffic altogether, either
 
 *172
 
 state-wide or in specified localities, and- such statutes are constitutional. State v. Kenny, 141 La. 594, 75 So. 422; State v. McCue, 141 La. 417, 75 So. 100. Or it may prohibit the sale of liquor to certain persons, at certain places, or on certain days. Section 6, Act No. 176 of 1908, as amended by Act No. 21 of 1910, prohibits the sale of intoxicants to women, girls, or minors, and prohibits the sale in the same building to persons of the Caucasian and Colored races. Act No. 102 of 1890 prohibits the sale of intoxicants to inebriates or habitual drunkards. Act No. 43 of 1894 prohibits the employment of females in liquor saloons. Act No. 79 of 1908 prohibits the drinking of intoxicating liquors on railroad trains. Act No. 289 of 1910 prohibits the sale of such liquors on election days, and Act No. 18 of 1886 prohibits the sale of intoxicating liquors on Sundays. These are all special laws enacted under the police powers of the state, and we discover nothing in Act No. 15 of 1934 to indicate that the lawmakers intended by its adoption to wipe out such laws or any local prohibitory statute.
 

 Counsel call our attention to the case of State v. Carter, 179 La. 156, 153 So. 676, where we said that when the Hood Act was repealed the entire state became wet. None of the local or special laws of the state prohibiting the liquor traffic within specified areas was under consideration in that case. The question there involved was whether those portions of the state which were made dry under the local option law of 1902 were wet when the Hood bill was repealed, and we held that they were. See State v. McDonald 181 La. 547, 160 So. 75, this day decided.
 

 For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the affidavit against the defendant be reinstated on the docket of the city court of the city of Bogalusa, and that the same be proceeded with according to law.
 

 LAND, J., concurs in result.