LAND, Justice.
 

 Relator was convicted in the Criminal District Court for the Parish of Orleans for the offense of willfully and unlawfully offering to commit prostitution, in violation of section 8.1 of Act No. 3 of the Second Extraordinary Session of the year, 1935, and was sentenced to serve three months in the parish prison of the Parish of Orleans.
 

 On appeal to Division 1, Appellate Division of the Criminal District Court, the conviction and sentence were affirmed.
 

 The constitutionality of the act was attacked, both by demurrer and in motion in arrest of judgment, which were overruled in the Criminal District Court, and this ruling was affirmed by the Appellate Division of that court. Application was then made to this court for a writ of certiorari, and for a writ of prohibition to be directed to the judges of the Appellate Division of the Criminal District Court, prohibiting them from proceeding further in the execution of the sentence, with prayer that the conviction and sentence be set aside.
 

 A rule nisi was issued by this court, with temporary stay order.
 

 The sole ground of attack upon the constitutionality of the act is that it violates section 4 of article IV of the Constitution of 1921, prohibiting the Legislature from passing any local or special law, “concerning any civil or criminal actions”; and, in our opinion, this ground of attack upon the constitutionality of the act is clearly without merit.
 

 Section 8.1 of Act No. 3 of the Second Extraordinary Session of the year, 1935, under which relator is charged and convicted, defines as vagrants any person “(a) who offers to commit prostitution, or (b) who offers or offers to secure another for the purpose of prostitution, or for any other lewd or indecent act,” etc.
 

 The penalty for conviction of any'person who violates the act is a fine of not less than $50 nor more than $100; and imprisonment in the parish prison for not less than three months nor more than twelve months.
 

 This act is clearly substantive legislation, as it does not prescribe any procedure whatever to regulate the trial in the city of New Orleans of any offense denounced in the act.
 

 In State v. McCue, 141 La. 417, 421, 75 So. 100, 101, this court said, in part: “Moreover, the constitutional prohibition that the General Assembly shall not pass any local or special law concerning any civil or criminal actions means merely that the Legislature shall not pass a local or special law affecting any particular lawsuit or regulating the trial of lawsuits, civil or criminal, in any particular locality.”
 

 As the act is not amendable to the objection urged by relator against its constitutionality, the act is constitutional, and the
 
 *1083
 
 conviction and sentence of relator under it are legal and valid.
 

 It is therefore ordered that the rule nisi issued herein be recalled, that the temporary stay order herein granted be vacated, and that relator’s application be dismissed at relator’s costs.