AYRES, Judge.
By this mandamus proceeding, plaintiff seeks to compel the defendant, Bossier Parish Police Jury, to issue to him a license, or permit, to sell intoxicating liquors at a designated location in Bossier Parish. Interested citizens, property owners, and taxpayers, residents of the immediate vicinity of the specified location, intervened and joined the defendant in resisting plaintiff’s demands. The intervenors, moreover, in a separate action styled Gould et al. v. Bossier Parish Police Jury et al., La.App., 228 So.2d 43, and with which this cause was consolidated for trial, seek an injunction prohibiting the Bossier Parish Police Jury from issuing the permit, or license, sought by plaintiff.
Opposition to plaintiff’s application and demands for a permit, or license, to sell intoxicating liquors at the proposed location is based upon the proposition that the sale of such liquors at the location comes within the prohibition imposed by Act No. 46 of 1908 which prohibits the sale of intoxicating liquors within five miles of Benton High School, located in Benton in Bossier Parish.
We find, in the instant case, no plea or attack upon the constitutionality of the aforementioned statute. However, in the companion case, plaintiff here, applicant for the permit, attacks the constitutionality of the statute and, in the alternative, pleads that this statute has been repealed or superseded by the provisions of Act No. 360 of 1948 as incorporated in Title 26 of the Revised Statutes. The trial court concluded inasmuch as Act No. 46 of 1908 was a criminal statute its constitutionality could only be raised in a prosecution under the act or in an action for a declaratory judgment. Consequently, the court found it unnecessary to make any findings or reach any conclusions as to the constitutionality of the statute or with respect to its having been repealed or superseded by subsequent legislation. Nor was any conclusion reached or pronouncements made with respect to whether intoxicating liquors could be legally sold at the proposed site. On finding that plaintiff possessed the qualifications which would entitle him to the permit, the police jury was directed by the court to issue the liqense, or permit. Accordingly, intervenors’ demands were rejected in the instant case, as were their demands in the companion case in which they appeared as plaintiffs. From the judgments thus rendered, intervenors in the instant case and plaintiffs in the companion case appealed.
We find no merit in the proposition that the constitutionality of the statute can only be attacked in a prosecution or in an action for a declaratory judgment, and, moreover, no issue was made of it.
The General Assembly of the State of Louisiana, in adopting Act No. 46 of 1908, declared:
“That it shall be unlawful for any person, firm or corporation to sell any spirituous, vinous, malt, intoxicating liquors or any substitute therefor within five miles of Benton High School, located in Benton in the Parish of Bossier,”
and prescribed penalties for its violation. The location of the site where applicant proposes to sell intoxicating liquors is admittedly well within the distance of five miles of the Benton High School.
*38 The statute with which we are primarily concerned (Act No. 46 of 1908) is a local and special statute. The statute upon which plaintiff-appellee relies as repealing or superseding the act of 1908, that is, Act No. 360 of 1948, subsequently amended by Section 6 of Act No. 463 of 1962 and by Section 1 of Act No. 183 of 1964, is a general statute.
It appears appropriate to first point out there is no showing in this record that either the governing authority of the Parish of Bossier or that of the municipality of Benton has ever availed itself of the authority conferred upon it by LSA-R.S. 26:80 to prohibit the sale of intoxicating liquor within either 300 feet or 500 feet of a church, school, or playground, if it indeed had such authority, because such sales were prohibited by Act No. 46 of 1908 within a distance of five miles of Benton High School. In any event, the provision referred to is a part of a general statute which could have only general application, and, hence, as will be hereinafter shown, is without effect so far as repealing or superseding the provisions of the local or special statute with which we are dealing here.
In Hewitt v. Webster, 118 So.2d 688, 690 (La.App., 2d Cir. 1960), we had occasion to make these observations with respect to the effect of general laws upon local or special laws:
“The general rule is that where there is apparent conflict between a general law and a special law on the same subject, the latter must prevail in the particular matter to which it applies. Even though the general law may have been passed subsequent to the passage of the special law, the special law is not thereby repealed by implication and it is only affected if reference is made to it expressly. State ex rel. Texada v. Capdevielle, 140 La. 229, 72 So. 946; Kearns v. City of New Orleans, La.App., 160 So. 470. Indeed, it is well settled that a general statute does not have the effect of repealing a special law upon the same subject matter unless the intent to repeal is so plain and evident that it cannot be doubted. State of Louisiana ex rel. Warren Realty Company, Inc., v. City of New Orleans, 226 La. 297, 76 So.2d 308; Wenk v. Anisman, 211 La. 641, 30 So.2d 567; Town of Abbeville v. Police Jury of Vermilion Parish, 207 La. 779, 22 So.2d 62; Third Dist. Land Co., Limited, v. Geary, 185 La. 508, 169 So. 528; State ex rel. City of New Orleans v. Louisiana Tax Commission, 171 La. 211, 130 So. 46. It will not be presumed, where the legislature enacted a special statute for a particular case, that it intended its repeal or amendment by the subsequent enactment of a general statute on the same subject matter. City of Bogalusa v. Gullotta, 181 La. 159, 159 So. 309; State ex rel. Day v. Rapides Parish School Board, 158 La. 251, 103 So. 757; Cumberland Telephone & Telegraph Co. v. Morgan’s Louisiana & T. R. & S. S. Co., 112 La. 287, 36 So. 352; Welch v. Gossens, 51 La.Ann. 852, 25 So. 472.” (Emphasis supplied.)
See the authorities therein cited as well as:
State v. Lahiff, 144 La. 362, 80 So. 590 (1919) [upholding a 25-mile “dry” zone around Camp Beauregard]; State ex rel. Roussel v. St. John the Baptist Parish School Board, 135 So.2d 665, 668 (La. App., 4th Cir. 1961) [in which the court followed Hewitt v. Webster, supra:
“Where there is a conflict between a general law and a special law on the same subject the latter must prevail even though it may have been enacted prior to the passage of the general law.”].
The jurisprudence of this State is in accord with the rules generally prevailing elsewhere. 50 Am.Jur., Statutes, § 561, pp. 562-563; 82 C.J.S. Statutes § 298c, p. 515. Similar local and special statutes have been upheld, notwithstanding contentions were made that they were no longer in effect and had been repealed or superseded by general statutes subsequently enacted *39 covering the same subject matter. See: State v. Bonner, 193 La. 402, 190 So. 626 (1939); State v. McDonald, 181 La. 547, 160 So. 75 (1935); State v. McDonald, 181 La. 549, 160 So. 75 (1935); City of Bogalusa v. Gullotta, 181 La. 159, 159 So. 309 (1935).
In the first of the McDonald cases, the defendant was convicted of selling intoxicating liquor within a distance of five miles of the Logansport High School, an offense denounced by Act No. ;73 of 1896. There, it was contended this statute was superseded by Act No. 39 of 1921, Extra Session (“Hood Act”), which was itself repealed by Act No. 1 of 1933, Extra Session. The court held that the special statute was not repealed by the subsequent enactments.
In the second McDonald case, the defendant was charged with and convicted of keeping a “blind tiger,” in violation of Act No. 8 of 1915, Extra Session, at a location within a distance of five miles of Logansport High School, where the sale of intoxicating liquor was, as aforesaid, prohibited by Act No. 73 of 1896.
These statutes, special and local in character, were held to have continued in full force and effect, notwithstanding the later enactment of general laws on the same subject matter.
The ruling in the Bonner case was to the same effect. There, defendant was convicted of having sold intoxicating liquor within five miles of Louisiana Industrial Institute, now Louisiana Polytechnic Institute, an offense charged under Act No. 74 of 1898. The statute was declared to be in effect, and the conviction was upheld.
In the Gullotta case a provision in the charter of the City of Bogalusa, a special statute, prohibited the sale of intoxicating liquor. There it was said:
“ * * * it is settled in this state, as elsewhere, that a general statute does not repeal by implication an earlier local or special law, unless the intent to do so clearly appears.”
159 So. 309, 310.
See, also: Welch v. Gossens, 51 La.Ann. 852, 25 So. 472 (1899).
In State ex rel. Barrow v. Ogden, 50 La.Ann. 982, 24 So. 593, 594 (1898), the court said:
“It is clearly settled that the leaning of the court should be against the doctrine of repeal by implication or liberal construction. The two laws should stand, unless it be evident that the last repeals the particular law. If reason arises in support of each position, about equally good, the decision, in our view, should be against declaring a law repealed.”
Act No. 360 of 1948, as already noted, is a general statute, the prime object of which is to license, regulate, and control all traffic in alcoholic beverages containing more than six percent of alcohol by volume and to provide additional revenues through the payment of fees for engaging in such traffic. Nevertheless, plaintiff claims, as previously mentioned, that the act repeals or supersedes Act No. 46 of 1908. An identical contention was made in City of Bogalusa v. Gullotta, supra. There it was claimed that the provisions of the charter of the City of Bogalusa, which prohibited the sale of intoxicating liquors had been repealed by Act No. 15 of 1934, which was also a general statute, the object of which was to regulate the traffic in alcoholic liquors and to provide additional revenues in a manner similar to that provided in the present general statute. In answering this contention in the negative, the court, on page 310, stated:
“We do not think that part of the charter of the city of Bogalusa prohibiting the sale of intoxicants therein was repealed by Act No. 15 of 1934. Act No. 14 of 1914, which incorporated that city, is a special act of the Legisla *40 ture and Act No. 15 of 1934 is a general regulatory statute which does not in terms repeal section 15 of the city’s charter, and it is settled in this state, as elsewhere, that a general statute does not repeal by implication an earlier local or special law, unless the intent to do so clearly appears. Act No. 15 of 1934 in terms repeals only such laws as are inconsistent or in conflict with its provisions.” (Emphasis supplied.)
In' support of its conclusions in the Gullot-ta case the court relied upon pronouncements in prior cases, which we quote:
“In the case of Garrett and Blanks v. Aby, Mayor, 47 La.Ann. 618, 17 So. 238, 239, this court said:

“‘The legislative charter of a municipal corporation being a special act, apart from the body of general laws of the state, it cannot be repealed by a general law of the state, unless that intention clearly appears from the terms of the general act; and, that the general act shall repeal the special law, it must appear that the provisions of the former are irreconcilably inconsistent with those of the latter.’

“Welch v. Gossens et al., 51 La.Ann. 852, 25 So. 472, is a leading case touching this subject, where practically all the earlier cases are reviewed. In the Welch Case it was held, quoting paragraph 1 of the syllabus, that: ‘The provisions of the legislative charter of a municipal corporation, with regard to the election of its officers, are not impliedly repealed by the provisions of a subsequently enacted general election law, which makes no mention thereof.’
“In State ex rel. Barrow v. Ogden, 50 La.Ann. 982, 24 So. 593, 594, the court said:
“ ‘It is clearly settled that the leaning of the court should be against the doctrine of repeal by implication or liberal construction. The two laws should stand, unless it be evident that the last repeals the particular law. If reason arises in support of each position, about equally good, the decision, in our view, should be against declaring a law repealed.’
“These cases announce the general rule which has been followed in many subsequent cases, such as Cumberland T. & T. Co. v. Morgan’s L. & T. R. Co., 112 La. 287, 36 So. 352; Olivier v. Adeline Sugar Factory Co., Ltd., 131 La. 712, 60 So. 201; Paepcke Leicht Lbr. Co. v. Vantrompt, Tax Collector, 137 La. 743, 69 So. 159; and State ex rel. Day v. Rapides Parish School Board, 158 La. 251, 103 So. 757, 760.
“In the last-cited case, the court quoted with approval the following from Cumberland T. & T. Co. v. Morgan’s, etc., Co., supra:
“ ‘The lawmakers, having enacted a special statute for a particular case, will not be presumed to intend its repeal or amendment by the subsequent enactment of a general statute on the same subject-matter.’ ” (Emphasis supplied.)
159 So. 309, 310.
Thus, the general rule is that a general statute does not repeal a special statute unless the purpose to do so is clearly manifest, such as where the provisions of a general and a local or special act are so irreconcilably conflicting that both cannot be given effect. No irreconcilable conflict was found to exist in that part of the city charter of Bogalusa which prohibited the sale of intoxicating beverages within its limits with the provisions of the general act regulating the traffic in alcoholic beverages. There is, therefore, no irreconcilable conflict with the provisions of Act No. 46 of 1908 with those of the general statute (Act No. 360 of 1948) regulating the traffic in alcoholic liquors.
The object or purpose of Act No. 15 of 1934 was, as is the object or purpose of the *41 Act of 1948, not to make any part of the State either “wet” or “dry,” but only to regulate the liquor traffic where such traffic was then, or might thereafter, be permitted by law. As further observed by the court in the Gullotta case, “There was no liquor traffic permitted there [in Bogalusa] to be regulated, and for that reason the act [the regulatory act] did not have effect there.” 159 So. 309, 312.
It may be noted that subsequent to the adoption of an earlier local-option law (Act No. 221 of 1902), the Legislature adopted special acts, such as Nos. 46, 47, 121, 256, 259, 290, and 302 of 1908, respectively, prohibiting the sale of intoxicating liquors within designated distances (five miles) of the high schools of Benton, Haughton, Mansfield, Hornbeck, Jonesville, Eros, and the Orange Graded School, respectively; and Act No. 193 of 1908 with reference to the State Normal College, where such sales were prohibited within a distance of six miles. Prior thereto, Acts Nos. 73 of 1896 and 74 of 1898 were enacted to prohibit the sale of intoxicating liquors within five miles of the Logansport High School and of Louisiana Polytechnic Institute, respectively.
It appears appropriate to point out that Act No. 193 of 1908, having reference to the State Normal School or Normal College, was specifically repealed by Act No. 101 of 1934 which evidences the consensus of the Legislature that these special laws are maintained in effect until specially repealed.
“The effect of statutes of this kind,” so declared the court in the Gullotta case,
“was to repeal the local option law in so far as the territory covered by these special statutes is concerned, because a special or local statute which unqualifiedly prohibits the sale of liquor is inconsistent and in irreconcilable conflict with one which confers the right of local option. The above-cited acts and many others like them, all authorized and adopted under the police power of the state, were in the statute books of the state at the time Act No. 15 of 1934 [a general regulatory áct] was adopted to the knowledge of the members of the Legislature of that year, and if it had been intended that they be repealed it is reasonable to assume that the act-would have so provided in terms.”
159 So. 309, 312.
This observation is appropriate with reference to the passage of Act No. 360 of 1948.
There is no legal basis to which we have been cited, or which we have been able to find in our research, that would warrant a conclusion that Act No. 46 of 1908 has been repealed or susperseded.
Plaintiff contends, however, that Act No. 46 of 1908 is unconstitutional in that it deprives him of the opportunity of engaging in a business wherein he could earn a livelihood, and in that it arbitrarily and unreasonably attempts to regulate the moral climate of an area encompassed within a distance of five miles of Benton High School.
The statute works no discrimination against plaintiff; it applies to all indiscriminately within the limited area surrounding Benton High School. No legal impediment is shown prohibiting the conduct of a business such as proposed by plaintiff beyond the restricted area. The statute is not unreasonable.
The right to regulate traffic in intoxicating liquor is an inherent police power of the State. Louisiana Constitution (1921), Art. 19, § 18; State v. Gardner, 198 La. 861, 5 So.2d 132 (1941). The State may, under its police power, enact laws regulating the traffic in intoxicating liquors or prohibit such traffic altogether, either state-wide or in specific localities, and such statutes are constitutional. City of Bogalusa v. Gullotta, supra. There it was held:
“The state may, under its police powers, enact laws regulating the liquor traffic, *42 or it may prohibit the traffic altogether, either state-wide or in specified localities, and such statutes are constitutional. State v. Kenny, 141 La. 594, 75 So. 422; State v. McCue, 141 La. 417, 75 So. 100. Or it may prohibit the sale of liquor to certain persons, at certain places, or on certain days. Section 6, Act No. 176 of 1908, as amended by Act No. 21 of 1910, prohibits the sale of intoxicants to women, girls, or minors, and prohibits the sale in the same building to persons of the Caucasian and Colored races. Act No. 102 of 1890 prohibits the sale of intoxicants to inebriates or habitual drunkards. Act No. 43 of 1894 prohibits the employment of females in liquor saloons. Act No. 79 of 1908 prohibits the drinking of intoxicating liquors on railroad trains. Act No. 289 of 1910 prohibits the sale of such liquors on election days, and Act No. 18 of 1886 prohibits the sale of intoxicating liquors on Sundays. These are all special laws enacted under the police powers of the state, and we discover nothing in Act. No. 15 of 1934 [a liquor traffic regulatory act] to indicate that the lawmakers intended by its adoption to wipe out such laws or any local prohibitory statute.” (Emphasis supplied.)
159 So. 309, 312-313.
A law which discriminates against a particular business or class of individuals is not unconstitutional on that account if the discrimination is not arbitrary but well-founded. City of De Ridder v. Mangano, 186 La. 129, 171 So. 826 (1936); State v. Lahiff, supra.
In the Mangano case, supra, ordinances of the City of De Ridder made it unlawful for barroom proprietors to have any kind of musical instrument playing in a barroom and to employ or permit women or girls to work therein. The court declared there was nothing arbitrary or unreasonable in the limited prohibitions imposed by the city ordinances. The court reasoned thus:
“But, to forbid the playing of music or the employment of women in barrooms is, obviously, a reasonable regulation of these pleasure resorts. The purpose is to discourage the waste of time and money there, and to avoid the hilarity and disturbance which the combination— wine, women and song — is so apt to cause. At any rate, when the members of a city council, with their knowledge of local conditions, and in their mature wisdom —perhaps having neither romance nor music in their souls — have seen fit to leave off only the women and song, that ought to end the matter as far as the courts are concerned.”
171 So. 826, 828.
In State v. Lahiff, supra, the court upheld Act No. 20 of 1918, which established a “dry” zone of 25 miles around Camp Beauregard while the Government was engaged in war.
In State v. Bonner, supra, the court stated:
“The purpose of Act 74 of 1898 prohibiting the sale of spirituous liquors within five miles of the Louisiana Industrial Institute was not to protect the school by name only, but to protect the morals and welfare of the student body of the institution.”
190 So. 626, 627.
In City of Baton Rouge v. Rebowe, 226 La. 186, 75 So.2d 239, 241, the court held:
"The proposition is generally accepted that there is wo inherent right in a citizen to sell intoxicating liquor, and the business may be permitted under conditions such as will limit to the utmost the evils associated therewith. It is recognised that municipalities have authority, under the police power generally delegated to them by the Legislature, to enact ordinances for the regulation of the retail liquor business to the extent necessary for the protection of the public health, morals, safety and peace. * * * Due to the nature of the business, the governing authorities may impose regula *43 tions on it more stringent than on other businesses, State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999, 67 L.R.A. 70, 2 Ann.Cas. 92, and while constitutional guarantees cannot be transgressed, it is settled that the enjoyment of all rights is subject to the police power and reasonable regulations enacted pursuant thereto. 11 Am.Juris., verbo Constitutional Law, Section 267, p. 1006.” (Emphasis supplied.)
We therefore find that the statute is not unconstitutional in that it purports to regulate the moral climate of the area in and around Benton High School.
Nor does the statute deprive plaintiff of due process of law in connection with his endeavors to engage in a legitimate business.
We conclude that Act No. 46 of 1908 is constitutional, has not been repealed or superseded, and is in full force and effect.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside: and
It is now ordered, adjudged, and decreed that plaintiff’s demands be, and they are hereby, rejected at his costs.
Reversed and rendered.