BRUNOT, Justice.
 

 The plaintiff, on April 9, 1934, became the adjudicatee at a sheriff’s sale of its debtors’ property. It ruled the sheriff, the tax collector of the city of New Orleans, and the city of New Orleans into court to show cause why the sheriff’s deed to the property should not issue to it upon its assumption of the taxes due and to become due on said property, in conformity with the provisions of Act No. 105 of 1934. The city of New Orleans, alone, made an appearance in response to the rule. It excepted to the rule on the ground that it did not disclose a right or cause of action against the city. The exception was heard, and, from a judgment maintaining it and dismissing the rule at plaintiff’s cost, the plaintiff appealed.
 

 There is to be found in the Revised Statutes of 1870 two sections upon the subject-matter involved in this suit. They are sections 2519 and 3620. Section 2519 applies generally throughout the state. Section' 3620 is a special enactment and it applies only in the parish of Orleans. Section 2519, R.S., was amended by Act No. 88 of 1888, and that act was amended and reenacted by Act No. 105 of 1934. There is no reference in either of said acts to section 3620, R.S., or any expressed intention of the Legislature to repeal or affect section 3620, R.S.
 

 
 *511
 
 Appellee contends, in support of its exception of no right or cause of action, that a special statute is not repealed by implication; and, inasmuch as Act No. 105 of 1934, upon which the plaintiff relies, was enacted and became effective after the sale and adjudication to the plaintiff, of the property, subject to the taxes the appellee is endeavoring to collect, does not and cannot affect appellee’s right to recover.
 

 We are impressed with the seriousness of both of these contentions. In the absence of some positive or clearly expressed intention of the Legislature, in a general statute, to repeal a special one upon the same subject-matter, the special statute remains unaffected and in force.
 

 From the written opinion of the learned trial judge we quote, with approval, the following:
 

 “The sheriff, under a writ of fieri facias, on April 9, 1934, adjudicated a- piece of real estate to the seizing creditor, namely, the Third District Land Company, Limited. This rule is now brought against the sheriff, the state of Louisiana, through its tax collector, and the city of New Orleans, to compel the sheriff to furnish his deed of sale without the prepayment of the taxes for the three preceding years, upon the purchaser assuming the payment of the taxes.
 

 “There are several defenses raised. * * * In the first place, there is a special statute found in the Revised Statutes of 1870, which I believe was derived from a statute- of 1855, applying solely to the parish of Orleans, inflicting a penalty on any officer authorized to pass authentic deeds of sale for so doing without the exaction of the payment of the three-year preceding taxes. There was in 1888 a general statute prohibiting sheriffs, recorders, notaries public and other officers authorized to pass authentic acts of sale from so doing without the payment of the three years taxes. These officers in the city of New Orleans, from 1855, I believe, down to the present day, have been operating under the special statute applying to the parish of Orleans. In the .other 63 parishes of the state, they have been operating under the general law of 1888, and as the jurisprudence, in my opinion, is well settled that a general statute has no effect to repeal a special statute, unless the intention to repeal is so plain and evident that it cannot be doubted; therefore, in my opinion, the first defense made is good,— that the amendment of the general law of 1888 at the legislative session of 1934, and which became effective, as I understand, on the 1st of August, 1934 — I think that defense is perfectly good. But the second,— even if the law applied, it would not apply in this. And why? Because the rights of the adjudicatee were fixed and crystalized at the moment that the sheriff made the adjudication to it of the property. The sheriff adjudicated it under the existing law and the adjudicatee took it, and, therefore, in my opinion, it was never the intention of the legislators to make the amendment retroactive to affect an adjudication already made, which only required the sheriff’s deed, which is the authentic proof of the adjudication, that being all that was required, not to complete the sale, but to
 
 *513
 
 furnish authentic evidence of' a fact already passed into history.”
 

 In the case of State ex rel. City of New Orleans v. Louisiana Tax Commission, 171 La. 211, at page 220, 130 So. 46, 49, this court said:
 

 “Besides, section 10 of Act No. 231 of 1920 is a general law; and Act No. 10 of that year is a special or local law, applicable to the parish of Orleans only. Local or special laws are not repealed by implication by general laws relating to the same subj ect-matter.”
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent.