14 So.2d 824

STATE v. THEARD.

No. 37,124.

June 21, 1943.

Rehearing Denied July 13, 1943.

Chandler C. Luzenberg, Sr. and Edward Alexander Parsons, both of New Orleans (Charles J. Theard, of New Orleans, of counsel), for relator.

Eugene Stanley, Atty. Gen., and J. Bernard Cocke, Dist. Atty., of New Orleans, for the State.

PONDER, Justice.

On August 11, 1936, the defendant, Delvaille H. Theard, was charged in a bill of information with embezzlement. Prior to trial, the defendant interposed a plea of present insanity and applied for the appointment of a lunacy commission to inquire into his sanity. The lunacy commission, after its appointment and after making investigation, reported that it was of the opinion that the defendant was insane. Shortly thereafter, a contradictory hearing was held, and the court adjudged the defendant insane and ordered him committed to an institution for the insane until further orders of the court. The defendant has been confined in the institution from that date until the present time.

On March 29, 1943, the defendant moved the lower court to nolle prosequi the bill

of information charging him with embezzlement. It is alleged in the motion that more than three years have elapsed since the filing of the bill of information without the defendant's being brought to trial; that the district attorney has failed and neglected to nolle prosequi the bill of information; and that under the provisions of Act No. 323 of 1942, amending and re-enacting Article 8 of the Code of Criminal Procedure, it is the mandatory duty of the lower court to enter a nolle prosequi in the case. Upon hearing, the motion was denied. The defendant applied to this court for writs of certiorari, mandamus and prohibition. The writs were granted, and a rule nisi issued. The matter is now submitted for our determination.

The defendant contends that Act No. 323 of 1942 is absolute in its terms and applies to all defendants, sane or insane. He takes the position that the only exception permitted under the Act is where the offender is a fugitive from justice.

The pertinent provisions of Act No. 323 of 1942 are as follows:

"In felony cases when three years elapse from the date of finding an indictment, or filing an information, and in all other cases when two years elapse from the date of finding an indictment, or filing an information, or affidavit, it shall be the mandatory duty of the District Attorney to enter a nolle prosequi, if the accused has not been tried, and if the District Attorney fail or neglect to do so, the Court may on motion of the defendant or his attorney cause such nolle prosequi entered the same as if entered by the District Attorney, Provided

that if at any time during said three or two year periods, respectively, the offender is a fugitive from justice, such prescriptive period shall be suspended and shall recommence to run only from the date said offender is captured or surrenders."

Undoubtedly the purpose of the statute is to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite time as well as to prevent delays in the administration of justice by imposing on judicial tribunals an obligation of proceeding with reasonable dispatch in the trial of criminal accusations. The statute provides that if the accused has not been tried within three years from the date of the filing of an information, the information shall be nolle prosequied. This undoubtedly contemplates a failure or neglect to bring an accused to trial.

Under the provisions of Act No. 136 of 1932, amending and re-enacting Article 267 of the Code of Criminal Procedure, the courts are prohibited from bringing to trial an accused who has been adjudged insane until he is sufficiently able to understand the proceedings against him and to assist in his defense. The defendant is confined in a mental institution, and there is no contention that he has sufficiently recovered to enable him to understand the proceedings against him and to assist in his defense. As long as he remains in this condition he cannot be tried.

Act No. 136 of 1932 is a special statute dealing with a special subject matter. Act No. 323 of 1942 is a general

statute. There is nothing in the provisions of Act No. 323 of 1942 to show that the legislature intended to repeal the special statute, nor is there any language used from which such an inference could be drawn. Repeal by implication is not favored, and the question of implied repeal is one of legislative intent.

It is well settled that repeals by implication are not favored and will not be indulged in if there is any other reasonable construction. State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601.

In the case of Third District Land Co., Ltd., v. Geary, 185 La. 508, 169 So. 528, 529, we stated that: "the jurisprudence * * * is well settled that a general statute has no effect to repeal a special statute, unless the intention to repeal is so plain and evident that it cannot be doubted."

We have reached the conclusion that Act No. 323 of 1942 does not repeal Act No. 136 of 1932. To construe this statute otherwise would in many instances bring about an absurd result as is illustrated by the instant case. It would in effect be requiring the prosecution of an accused whose trial is prohibited by law. Such a construction would not conform to reason. We cannot believe that it was ever the intention of the lawmaker to require the prosecution of an accused and at the same time prohibit his trial.

For the reasons assigned, the judgment of the lower court is affirmed, rule dismissed.