76 So.2d 308

STATE of Louisiana ex rel. WARREN
REALTY COMPANY, Inc.,

v.

CITY OF NEW ORLEANS.

No. 41882.

Nov. 8, 1954.

Frank P. Krieger, New Orleans, for applicant.

Henry B. Curtis, City Atty., Jorda S. Derbes, Asst. City Atty., New Orleans, for defendant-respondent.

HAMITER, Justice.

In this mandamus proceeding Warren Realty Company, Inc., seeks to compel the City of New Orleans to deliver to it a deed affecting certain described realty which it purportedly purchased in accordance with Act No. 112 of 1938, bidding and paying therefor $350, the property having been previously adjudicated to such city (in which it is situated) for non-payment of taxes.

Answering, the city admitted that it conducted a public auction sale of such property on September 16, 1949, in accordance with the provisions of Act No. 112 of 1938, and that relator was the highest bidder and did pay the sum of $350. It averred, however, that the "money is being held by the City of New Orleans in a special fund pending the payment of the balance of Three Thousand Two Hundred Six Dollars, ninety-two cents ($3,206.92), which latter amount represents the amount of municipal taxes and paving assessments due on said property which must be paid in full before the City of New Orleans can transfer title." (The charges constituting this alleged balance were levied by the city subsequent to the adjudication to it and prior to the sale to relator.)

The district court, after a hearing, dismissed the suit and ordered the City of New Orleans to return to relator the $350 which it had paid.

On an appeal to the Court of Appeal, Orleans Circuit, the judgment was affirmed, that tribunal having concluded that under the provisions of Act No. 112 of 1938 the municipal taxes and paving assessments levied on the property while title thereto was in the city (they totaled $3,206.92) were valid charges and formed a part of the price required to be paid in connection with the public auction sale. See 71 So.2d 579.

On the application of relator we granted certiorari.

As shown above the Court of Appeal interpreted the provisions of Act No. 112 of 1938 in passing upon the question of the validity of the mentioned public auction sale, just as both litigants requested it to do. This statute, which apparently replaced Act No. 93 of 1896, authorizes municipalities generally to sell lands adjudicated to them for non-payment of taxes and prescribes the procedure for effecting the sales.

■■■ However, there is another statute that provides specifically and solely for the sale of property adjudicated to the City of New Orleans, being Act No. 155 of 1894, which appears never to have been repealed or superceded. Neither the Act of 1896 nor that of 1938 (applying to municipalities generally) contains any language disclosing an intention of abrogating or modifying the provisions of such special legislation; and it is well settled that a general statute does not have the effect of repealing a special law upon the same subject matter unless the intent to repeal is so plain and evident that it cannot be doubted. Town of Abbeville v. Police Jury of Vermilion Parish, 207 La. 779, 22 So. 2d 62. See also State ex rel. City of New Orleans v. Louisiana Tax Commission, 171 La. 211, 130 So. 46; Third District Land Company, Limited, v. Geary, 185 La. 508, 169 So. 528; Wenk v. Anisman, 211 La. 641, 30 So.2d 567. Indeed, the Legislature's intention that the mentioned special statute remain unaffected and in force is in-

dicated by the fact that both acts, No. 155 of 1894 (repealed by Act No. 626 of 1952) and No. 112 of 1938, were carried into the Revised Statutes of 1950. See LSA–R.S. 47:2191 and 33:2861–33:2876.

■■■ It is evident, therefore, that Act No. 155 of 1894, relating exclusively to the selling of property adjudicated to the City of New Orleans, governs the sale in question—not the general statute of 1938 which differs therefrom in certain respects. But from the record before us we cannot determine whether the sale was in compliance with the provisions of that governing statute. Particularly, for example, it is impossible to decide if the advertising was accomplished as therein prescribed and whether the amount of $350 bid and paid by relator was sufficient. With reference to the latter, according to Section 2 of such statute the accepted bid must be at least for the "total amount of which the property was adjudicated to the city of New Orleans together with 20 per centum and all costs of enforcing this act"; whereas, the record does not reveal with certainty the mentioned adjudication amount and the costs.

From which it logically follows that the case must and will be remanded to the district court for a determination of whether all of the terms of Act No. 155 of 1894 were complied with in the holding of such public auction sale, both litigants to be granted the privilege on the remand of amending their pleadings and of introducing relevant evidence as may be need-

ful. And that court, after the hearing, shall enter such judgment as the law and the evidence warrant.

For the reasons assigned the judgments of the district court and the Court of Appeal, Orleans Circuit, are annulled and set aside and the case is remanded to the district court for further proceedings according to law and consistent with the views hereinabove expressed. Relator shall pay the costs already incurred in the Court of Appeal and in this court, and all other costs shall await the final determination of the litigation.

PONDER, J., absent.

McCALEB, J., recused.