HAMITER, Justice.
Plaintiff, alleging itself to be the owner of a certain lot of ground (with improvements) as the result of an adjudication at public auction by the City of New Orleans, seeks in this cause a judgment recognizing its ownership of the property with the right to full and undisturbed possession thereof, and condemning the defendant to pay occupancy rent from September 19, 1949, the date of the adjudication.
The district court dismissed the suit on an exception of no cause of action and the plaintiff is appealing.
The disputed lot of ground, on which there exists a small dwelling, is located itt the City of New Orleans in Square No. 261, bounded by Jena, Magnolia, South Robertson, and Cadiz Streets. Plaintiff alleges that the property was adjudicated to it pursuant to the provisions of Act 112 of 1938, LSA-R.S. 33:2861 et seq., this being a statute authorizing public sales by municipalities generally throughout the state of lands forfeited for nonpayment of taxes and prescribing the procedure to be followed in such sales — the method of advertising, minimum price to be paid, etc.
The petition fails to set forth the issuance by defendant to plaintiff of a deed affecting the property (it could not, because there was none issued). However, plaintiff takes the position, in opposing the exception of no cause of action, that immediately upon the adjudication title vested in it, including all of the rights and privileges appertaining to ownership, and that no deed from the City of New Orleans was necessary.
In this court neither litigant has favored us with a brief or oral argument. Counsel merely filed a “joint motion to submit”, therein pointing out that the property and the adjudication involved herein are the same as those in State ex rel. Warren Realty Co., Inc., v. City of New Orleans, No. 41,882 of the docket of this court and reported in 226 La. 297, 76 So.2d 308 (a case which we remanded for further proceedings), and further stating that they desire to submit the present appeal for consideration and a decision “based upon the expressions which your Honors made *461 in the matter of Warren Realty Company, Inc., v. City of New Orleans, No. 41,882 of the docket of this Court.” Also in the motion it is suggested that this cause be remanded to be consolidated with the cited case.
In the mentioned former proceeding this plaintiff had sought, by mandamus, to compel the City of New Orleans to issue a deed, to evidence the adjudication to it, upon payment of the sum of $350, the amount of its bid at the public auction. In defending that suit the city urged that plaintiff was not entitled to the deed until it had paid the sum of $3,206.92, this representing the amount bid plus taxes accruing between the date of the forfeiture to the city and the daté of the adjudication in question. The defense was based on the city’s interpretation of Act .112 of 1938, LSA-R.S. 33:2861-2876, under which the property had allegedly been adjudicated. The opinion supporting our decision in that cause pointed out that we could not order the city to deliver title because Act 155 of 1894, LSA-R.S. 47:2191, alone governed the purported adjudication and that the record did not establish that it was made in conformity with the provisions of such statute.
 In alleging herein that it became the owner of the property at the auction held pursuant to the provisions of Act 112 of 1938, instead of setting forth that the sale was made in conformity with the appropriate statute, Act 155 of 1894, plaintiff’s petition fails to state a cause of action. As we indicated in the earlier case, the provisions of the two statutes differ in several material respects; and an examination of them clearly shows that an adjudication in compliance with the provisions of the 1938 act is not necessarily one in keeping with the requirements of the 1894 statute.
Although counsel have suggested that this cause be remanded, we think it proper, in the interest of orderly procedure, to affirm the trial court’s ruling which sustained the exception of no cause of action and dismissed the suit. The dismissal under these circumstances will amount to nothing more than a nonsuit, and the plaintiff can hereafter pursue whatever rights it may have against this defendant if and when it is awarded a judgment in the City of New Orleans case that was remanded to and is presently pending in the district court.
For the reasons assigned the judgment of the district court sustaining the exception of no cause of action and dismissing this suit is affirmed at appellant’s costs.