On Rehearing
REGAN, Judge.
We granted a rehearing in this matter to consider the validity of our original decree rendered on April 23, 1956, in view of the recent and contemporary decision rendered by the Supreme Court in the case entitled Warren Realty Co., Inc., v. Silbey, 1956, 229 La. 456, 86 So.2d 101.
We related in our original opinion that this suit was instituted by plaintiff, Ruth E. Ventress, to quiet a tax title as authorized by Act 277 of 1952, which amends LSA-R.S. 47:2228.1. This unimproved lot of ground is located in the City of New Orleans in Square 1180, Lot 14, bounded by New Orleans, London, Miro and Tonti Streets. ■
On April 19, 1934, this property was adjudicated to the City of New Orleans for non-payment of taxes for the year of 1930. *617 In November of 1949, the city offered it for sale at public auction through the medium of an advertisement which appeared in the local newspapers once each week for four weeks, and it was written therein that the property was offered for sale in accordance with the provisions of Act 112 of 1938, LSA-R.S. 33:2861 et seq.
The successful bidder at the sale was Chris R. Valley and, on November 29, 1949, by act passed before Jacob Morrison, Notary Public, the adjudication to Valley was confirmed.
The foregoing act before Morrison, Notary Public, set forth that the sale had been executed pursuant to “Louisiana Revised Statutes No. 47, Sec. 2180-85,” the source of which is Act 170 of 1898.
The tax debtor or record owner of the property at the time of the accrual of the taxes and when the adjudication to the city occurred was Hypolite Paul.
On July 11,, 1951, Chris Valley sold the property to Ruth Evelyn Ventress, the plaintiff herein, as per act of Joseph V. Bologna, Notary Public.
It is conceded that if the defendants herein have any interest in the property it was acquired as heirs or assignees of Hypolite Paul.
Defendants pleaded the exceptions of “no cause or right of action” to this suit to quiet title, predicating these exceptions upon the premise that since the property had been sold by the city to Chris Valley in accordance with LSA-R.S. 47:2180 to 47:-2185, Act 170 of 1898, Valley acquired no title to the property because that statute was not applicable to the sale of property located in the City of New Orleans. These exceptions were overruled.
Thereupon Jacob Morrison, the Notary Public, who had passed the act of sale from the city to Valley, then prepared an Act of Correction reciting that whereas in the act of sale dated November 29, 1949, it was inadvertently stated that the sale to Valley had been made in conformity with LSA-R.S. 47:2180 to 47:2185, Act 170 of 1898, it was actually the intent of the city to recite therein that the adjudication and sale of the property to Valley had been made pursuant to LSA-R.S. 33:2861 et seq., Act 112 of 1938.
Counsel for defendants were not deterred by this act of correction, and they, therefore, persisted in relying on the exceptions of “no right or cause of action” and asserted that the transfer by the city to Valley could not have been made according to LSA-R.S. 33:2861 et seq., Act 112 of 1938, since that statute was limited in its scope to sales made by municipalities other than the City of New Orleans — that sales executed by the City of New Orleans are governed by a special statute designated as LSA-R.S. 47:2191, Act 155 of 1894.[1] Counsel initially cited in support of this contention Warren Realty Co., Inc. v. City of New Orleans, 226 La. 297, 76 So.2d 308 and now, to substantiate their initial contention point to the relatively recent case of Warren Realty Company, Inc., v. Silbey, supra. The ratio decidendi of these cases is that LSA-R.S. 33:2861 et seq., Act 112 of 1938, is not applicable to a sale of property executed by the City of New Orleans, since it is a general statute, but the special statute LSA-R.S. 47:2191, Act 155 of 1894, is the applicable statute which encompasses sales executed by the City of New Orleans.
Plaintiff, on the other hand, maintains that where there exists a suit to quiet a tax title and more than five years has elapsed since the registration of the deed and the original owner or his heirs and assignees have not been in possession of the property during the period of five years, there are only two defenses which may be made— (1) that the taxes for which the property was adjudicated were paid, and (2) that *618 there has been a redemption of the property-subsequent to the adjudication and cites in support thereof LSA-R.S. 47:2228.1, which reads in part as follows:
“If the suit to quiet title is filed more than five years after the date of registration of the deed of the adjudication to the state or any political subdivision thereof, for non-payment of taxes, in the conveyance records of the parish in which the property is located, and more than five years since the record owner or his heirs or assigns or heirs of said assigns as aforesaid have had physical possession of said property, the only defense available to the defendant shall be proof by him of the payment of the taxes for which the property was adjudicated to the state or any political subdivision thereof prior to the date of said adjudication or redemption subsequent to said adjudication. In all cases there shall be a prima facie presumption that the defendant has not •had physical possession of the said property from the date of the registra•tion'in the conveyance records of the deed to the state or any political subdivision as aforesaid.” (Italics ours.)
It is our opinion that an analysis of LSA-R.S. 47:2228.1, Act 277 of 1952, indicates that plaintiff’s counsel -has put this statute on the legal anvil and hammered it into an unexpected shape. It does not, as plaintiff contends, establish the validity of the sale or of the title which the assignee [2] of the adjudicatee[3] from the City of New Orleans is seeking to overcome. The two defenses as enumerated in the act quoted hereinabove, which might be urged in a suit such as the act contemplates, are the only ones which might be specifically pleaded by the defendants in a suit involving the validity of the original tax adjudication from Hypolite Paul in favor of the City of New Orleans. However, the defendants, in persistently urging their exceptions herein, are not endeavoring to invalidate nor even question the original tax adjudication from Hypolite Paul to the City of New Orleans, because, as we have said above, the defenses in such a case are limited by the statute, but, in contradistinction, they have aimed their legal weapons at the validity of the title acquired under the wrong statute by the present plaintiff, the assignee of the adjudicatee from the City of New Orleans.
The exceptions of “no right or cause of action” are, therefore, predicated upon the fact that plaintiff’s questionable title exists as a result of the adjudication from the City of New Orleans to Valley, executed wrongfully pursuant to the provisions of LSA-R.S. 33:2861 et seq., Act 112 of 1938, and not the provisions of LSA-R.S. 47 :- 2191, Act 155 of 1894, which would have been correct, and, as such, is void ab initio by virtue of the rationale emanating from Warren Realty Co., Inc., v. City of New Orleans, supra and Warren Realty Company, Inc., v. Silbey, supra.
In the latter case the organ of the Court very pertinently remarked [229 La. 456, 86 So.2d 102]:
“In alleging herein that it became the owner of the property at the auction held pursuant to the provisions of Act 112 of 1938, instead of setting forth that the sale was made in conformity with the appropriate statute, Act 155 of 1894, plaintiff’s petition fails to state a cause of action. As we indicated in the earlier case [Warren Realty Company, Inc., v. City of New Orleans, 226 La. 297, 76 So.2d 308], the provisions of the two statutes differ in several material respects; and an examination of them clearly shows that an adjudication in compliance with the provisions of the 1938 act is not necessarily one in keeping with the requirements of the 1894 statute.
“ * * * we think it proper, in the interest of orderly procedure, to affirm the trial court’s ruling which sus- *619 tamed the exception of no cause of action and dismissed the suit.”
For the reasons assigned our original decree is recalled and set aside and it is now ordered that the judgment appealed from be annulled, avoided and reversed and that there now be judgment herein in favor of the defendants maintaining the exception of no cause of action and dismissing plaintiff’s suit at her cost.
Original decree recalled and set aside; judgment appealed from reversed,
McBRIDE, J., concurs.

. Repealed by Act 626 of 1962, but still in effect in 1949 when the sale under consideration here was made.

. Ruth Evelyn Yentress.

. Chris R. Valley.