135 So.2d 665 (1961)
STATE ex rel. Mrs. Camille ROUSSEL et al.
v.
ST. JOHN THE BAPTIST PARISH SCHOOL BOARD et al.
No. 578.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1961.
*666 Gordon B. Hyde, New Orleans, for relators-appellants.
Melvin P. Barre, Dist. Atty., New Orleans, Roland J. St. Martin, Asst. Dist. Atty., La Place, for defendants-appellees.
Before YARRUT, SAMUEL and JOHNSON.
SAMUEL, Judge.
On April 8, 1961, a special school tax election was held in the Parish of St. John the Baptist pursuant to an order and call therefor by the school board of that parish acting as the governing authority of the school district involved. On April 10, 1961, the school board canvassed and promulgated the returns of the election. After the promulgation the ballots, returns, tally sheets and other related election data and materials remained in the custody or control of respondents, the school board and the clerk of court.
Thereafter, relators, who are electors and property tax payers in St. John the Baptist Parish, requested of both respondents that they (relators) and their agents be permitted to examine, copy, photograph and/or take memoranda of the aforesaid documents and materials. Upon the denial of their request relators instituted this action in which they seek mandamus commanding respondents to "* * * make available and permit relators and/or their duly authorized agents and attorneys at law and in fact to examine, copy, photograph and/or take memoranda of any and all ballots, returns, tally sheets and other related documents pertinent to the Special School Tax Election * * *". The school board filed exceptions of no right and no cause of action and an answer to relators' petition.
After a trial held on May 29, 1961, the district court maintained the exceptions, recalled the alternative writ of mandamus previously issued, and dismissed relators' petition at their cost. Relators have appealed. Upon the request of counsel for relators the court also ordered that the ballot boxes and the contents thereof remain intact and unopened pending a final determination of the appeal.
Relators have alleged and contend that the documents and data here involved are public records which respondents are obligated to present for examination in accordance with the Public Records Act (LSA-R.S. 44:1 et seq.). Respondent's exceptions are based on the contention that the Public Records Act is not applicable; that the records sought to be examined are *667 not public records within the purview of the act and are not subject to the examination relators seek.
The provisions of the Public Records Act pertinent to the issue here involved are:
LSA-R.S. 44:1 "General definitions
"All records, writings, accounts, letters and letter books, maps, drawings, memoranda and papers, and all copies or duplicates thereof, and all photographs or other similar reproductions of the same, having been used, being in use, or prepared for use in the conduct, transaction or performance of any business, transaction, work, duty or function which was conducted, transacted or performed by or under the authority of the Constitution or the laws of this state, or the ordinances or mandates or orders of any municipal or parish government or officer, or any board or commission or office established or set up by the Constitution or the laws of this state, or concerning or relating to the receipt or payment of any money received or paid by or under the authority of the Constitution or the laws of this state are public records, subject to the provisions of this Chapter except as hereinafter provided."
LSA-R.S. 44:31 "Right to examine records
"The right to examine, copy, photograph and take memoranda of any and all public records, except as otherwise provided in this Chapter, may be exercised by:
"(1) Any elector of the state.
"(2) Any taxpayer who has paid any tax collected by or under the authority of the state if payment was made within one year from the date the taxpayer applies to exercise the right.
"(3) Any duly authorized agent of paragraphs (1) and (2) above."
LSA-R.S. 44:32 "Duty to permit examination
"All persons having custody or control of any public record shall present it to any person who is authorized by the provisions of this Chapter and who applies during the regular office hours or working hours of the person to whom the application is made. The persons in custody or control of a public record shall make no inquiry of any person authorized by this Chapter who applies for a public record, beyond the purpose of establishing his authority; and shall not review nor examine or scrutinize any copy, photograph or memoranda in the possession of any authorized person; and shall give, grant and extend to the authorized persons all reasonable comfort and facility for the full exercise of the right granted to this Chapter."
Ballots and related election paraphernalia are not excluded from the provisions of the Public Records Act by any of the exceptions therein contained (Secs. 2, 3, 4, 5 and 7); and, the definition of public records as contained in the act being extremely broad and apparently all inclusive, it would appear that such papers or documents would be included under that definition.
The election was called under the provisions of LSA-R.S. 39:471 et seq., which statutes permit subdivisions to incur debt, issue any bonds, levy any special tax, or assume any indebtedness when authorized by vote of a majority in number and amount of the qualified property tax payers who vote at an election held in the manner and form set out by these statutes.
It is the contention of respondents that the Public Records Act, a general statute, is not applicable in view of the special tax election statutes here involved and, since the latter do not permit the inspection sought by relators, the same cannot be allowed. Relators do not seriously deny, indeed they cannot successfully deny, that the Public Records Act is a general statute having application to the whole subject matter of public records, or that the statutes *668 under which the election was called and held are special laws as distinguished from general laws in that they pertain to and encompass a special and particular subject, namely, the incurring of bonded indebtedness, the levying of special taxes, etc., by political subdivisions by means of the election called and held as provided in detail by these same statutes. But relators contend that there is no conflict between the statutes insofar as the particular issue here involved is concerned.
Where there is a conflict between a general law and a special law on the same subject the latter must prevail even though it may have been enacted prior to the passage of the general law. This rule has been followed in connection with the Public Records Act itself in the case of Hewitt v. Webster, La.App., 118 So.2d 688, at page 690, wherein the court said:
"The general rule is that where there is apparent conflict between a general law and a special law on the same subject, the latter must prevail in the particular matter to which it applies. Even though the general law may have been passed subsequent to the passage of the special law, the special law is not thereby repealed by implication and it is only affected if reference is made to it expressly. State ex rel. Texada v. Capdeville, 140 La. 229, 72 So. 946; Kearns v. City of New Orleans, La.App., 160 So. 470. Indeed, it is well settled that a general statute does not have the effect of repealing a special law upon the same subject matter unless the intent to repeal is so plain and evident that it cannot be doubted. State of Louisiana ex rel. Warren Realty Company, Inc., v. City of New Orleans, 226 La. 297, 76 So.2d 308; Wenk v. Anisman, 211 La. 641, 30 So.2d 567; Town of Abbeville v. Police Jury of Vermilion Parish, 207 La. 779, 22 So.2d 62; Third Dist. Land Co., Limited, v. Geary, 185 La. 508, 169 So. 528; State ex rel. City of New Orleans v. Louisiana Tax Commission, 171 La. 211, 130 So. 46. It will not be presumed, where the legislature enacted a special statute for a particular case, that it intended its repeal or amendment by the subsequent enactment of a general statute on the same subject matter. City of Bogalusa v. Gullotta, 181 La. 159, 159 So. 309; State ex rel. Day v. Rapides Parish School Board, 158 La. 251, 103 So. 757; Cumberland Telephone & Telegraph Co. v. Morgan's Louisiana & T. R. & S. S. Co., 112 La. 287, 36 So. 352; Welch v. Gossens, 51 La.Ann. 852, 25 So. 472."
Thus we are called upon to decide whether or not there exists such a conflict between the two statutes as to cause the special law, i. e., the law under which the tax election was held, to prevail over the general law, the Public Records Act. One consideration appears to us to be determinative of this issue: To permit an examination, to the extent required by the Public Records Act, of the ballots and other returns could destroy, or make completely ineffectual, the right given by the election statutes to contest the election and the validity of the tax imposed as a result of the election.
Proof of how each ballot was cast, whether "yes" or "no", whether the same was marked and signed properly, whether spoiled or not, together with a determination of many other possible questions and points of attack, must of necessity depend upon, and result from an examination of, the ballots and other returns themselves. LSA-R.S. 39:517 (the election statute) requires that the custodian of the authority ordering the election shall "preserve" the ballots and other returns for a term of three months from the date of the promulgation of the result of the election. The following section, LSA-R.S. 39:518, (containing substantially the same provisions as Const.1921, Art. 14, § 14(n), LSA) provides that for a period of 60 days from the date of promulgation any party in interest *669 may contest the legality of the election and of the tax authorized by the result thereof, after which 60 day period the legality, formality and regularity of the same shall be conclusively presumed. The only conceivable purpose for preserving the ballots and other returns is to make such documents available for inspection in the event of a contest under the provisions of Sec. 518. By "preserve" the legislature must have contemplated a keeping of the documents intact, unchanged from their identical condition at the time the authority ordering the election opened the ballot boxes and determined and declared the result of the election, so that the same might be used in proving or disproving allegations and charges made in connection with such a contest. The election statutes do not contain any mention or inference to the effect that these documents should be preserved in any other manner or that any person would have any other right to examine the same.
On the other hand, Sec. 32 of the Public Records Act (LSA-R.S. 44:32) requires all persons having custody or control of any public record to present it to any person authorized to examine the same by the provisions of that act, without inquiry beyond the purpose of establishing the authority to examine, and prohibits the custodian from reviewing, examining, etc., any copy, photograph or memoranda in the possession of the examiner. In view of the fact that under LSA-R.S. 44:31, any person who has a right to examine the records also has the right to copy, photograph and take memoranda of the same, it seems clear that the examiner has the right to take the record into his actual possession, so that by "present" the statute must mean "hand over to". And LSA-R.S. 44:31 gives this right to possess and handle to any elector of the state, to any taxpayer who has paid any tax collected by or under the authority of the state if such payment be made within the year (considering the sales tax this might even include a casual visitor to the area in which the election was held), and to their agents, a possible tremendous number of people. It is not only conceivable but even probable that after even a small number of such people examine, copy and photograph the ballots and other returns the value of the documents as evidence in an election contest would be completely destroyed. The fact that third persons had possessed and handled the ballots and other returns, in and by itself, could render such documents inadmissible as evidence. The two statutes do conflict, and materially so, on the particular issue here involved.
Accordingly we conclude that the ballots and other returns of an election held under the authority of LSA-R.S. 39:471 et seq., are not subject to inspection and examination under the authority of the Public Records Act.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.