Dear Mayor Peart:
You have requested this office to review the provisions of R.S.33:1996 with respect to its possible application to the City of Eunice. This statute provides, pertinently:
 § 1996. Annual Vacation
 Firemen in municipalities, parishes and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause. Firemen employed on January 6, 1969 shall have their present longevity considered as a factor in the computation of their vacation benefits as provided herein. The provisions of this section shall in no way be construed to affect in any manner any presently existing system of computing vacation periods under which greater vacation benefits are granted than those provided for herein and the same shall continue in full force and effect.
This office has previously concluded that the annual leave and sick leave provided for firemen in R.S. 33:1995[1] and R.S.33:1996 quoted above only apply to municipalities with a population of thirteen thousand or more and firemen paid by a parish or fire protection district. See R.S. 33:1961.[2]
Thus, as Eunice has a population of less than thirteen thousand, it remains our opinion that the authority for the establishment of leave policies is vested n the Eunice Municipal Fire and Police Civil Service Board pursuant to R.S. 33:2557.[3] Enclosed are Attorney General Opinions 92-767, 91-51, 78-259, 78-66, 78-4A, and 78-4 affirming this conclusion. Please specifically refer to Opinion 78-4A which gives a thorough explanation of the legislative history of R.S. 33:1996 and R.S. 33:2557.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
[1] R.S. 33:1995 provides:
§ 1995. Sick Leave
Every fireman in the employee of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.
[2] R.S. 33:1961 provides:
§ 1961. Application of Sub-part
This Sub-part applies to any paid fire department operated by a municipality which has a population of thirteen thousand or more and also to firemen paid by any parish or fire protection district.
[3] R.S. 33:2557 provides:
§ 2557. Leaves of absence
The board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority.
OPINION NUMBER 78-4
January 26, 1978
71-1-1 — Municipal Fire Police Civil Service R.S. 33:1961, 1996, 2531, 2557
R.S. 33:1996 2557 are not in conflict but apply to different classes of municipalities depending upon population.
Mr. Charles R. Sonnier City Attorney City of Abbeville 304 Charity Street Abbeville, Louisiana 70510
Dear Mr. Sonnier:
This letter is forwarded to confirm the remarks that were submitted by this office to your office by telephone on Thursday, January 12, 1978.
By your recent letter you inquired of this office as to whether leave schedules established by the municipa1 Civil Service Board of Abbeville pursuant to R.S. 33:2557 do in fact contravene the will of the Legislature as expressed in R.S. 33:1996.
After a detailed review of this issue this office is of the opinion that there is no statutory conflict between provisions of 33:1996 and33:2557. We find that the scope and applicability of the leave schedules defined by 33:2557 are controlled by provision 33:2531 which outlines the fire and police civil service law for small municipalities. In defining the scope of Part III of Title 33 the Legislature in Section 2531 clearly indicates that all provisions of "Part III" apply to the following:
 ". . . municipalities having a population of not less than seven thousand and not more than thirteen thousand, according to the last preceding decennial census of the United States for which the final report of population returns have been printed, published, and distributed, by the director of the census. . . ."
On the other hand, we find the scope and the applicability of 33:1996 as intended by the Legislature to be controlled by Section 1961 of Sub-Part A of Part II of Title 33. Specifically, this provision states that all provisions of this Sub-part apply to:
 ". . . any paid fire department operated by a municipality which has a population of thirteen thousand or more . . ."
With this being the case the issue is not whether there is a conflict between 33:2557 and 33:1996 nor is the issue a question of whether 33:1996 constitutes the latest expression of legislative will. The real issue is whether the Municipal Civil Service Board of Abbeville represents a municipality whose population is not less than seven thousand and not more than thirteen thousand so as to cause the leave schedule of 33:2557 to apply; or whether the board represents a municipality whose population is thirteen thousand or more so as to make the leave schedules enumerated by the newly amended 33:1996 apply and control the issue. If the most recent census data indicates that Abbeville's population is below thirteen thousand, we conclude that 33:2557 would apply to govern the types of leave schedules which the Municipal Civil Service Board may enact.
However, if census data certified by the City Council or Board of Aldermen can be produced to verify that Abbeville's population is thirteen thousand or more, we conclude that this fact would cause33:1996 to apply.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ KENNETH C. DEJEAN Assistant Attorney General
KCD/sds
OPINION NUMBER 78-4A
February 28, 1978
71-1-1 Municipal Fire Po1ice Civil Service.
R.S. 33:2557
R.S. 33:1996
The authority for establishment of leave policies is vested in the Abbeville Municipal Fire and Police Civil Service Board.
Mr. Calvin E. Woodruff, Jr. City Attorney Post Office Box 519 Abbeville, Louisiana 70510
Dear Mr. Woodruff:
In your letter of February 1, 1978, you requested that we reconsider Opinion Number 78-4 rendered by this office on January 26, 1978. It is your contention that there exists a conflict between R.S. 33:1996 and R.S. 33:2557. You contend that Part II of Chapter 4 of Title 33 of the Louisiana Revised Statutes was intended by the Legislature to be applicable to all fire departments existing in the State of Louisiana and as Section 1996 provides specific directives regarding the entitlements of firemen to certain leave benefits, this Section, being the latest expression of legislative will is controlling over the provisions in Chapter 5, Part II and Part III relating to municipalities with population between 7,000 and 250,000.
After reexamining the situation it is our conclusion that R.S. 33:2557 as last amended by Act 282 of 1964 is the statutory provision which establishes the authority to provide for leaves of absence for municipal firemen. Section 2557 applies to municipalities with a population between 7,000 and 13,000. Our research has indicated that the case of Barnctt v. Dovelle,289 So.2d 129, has held that R.S. 33:1996 is unconstitutional inasmuch as it conflicted with the former constitutional provision, Article XIV, Section 15.1 of the Louisiana Constitution of 1921. In the Barnett case the Court concluded that R.S.33:1996 as amended by Act 57 of the Extraordinary Session of 1968 was unconstitutional; however, this would not determine the issue here because the constitutional provision did not pertain to municipalities with a population of less than 13,000.
We are advised that the present population of Abbeville, according to the last decennial census is not in excess of 13,000 so that, regarding municipal fire and police civil service, R.S.33:2531 et seq. applies to Abbeville.
R.S. 33:2557 provides as follows:
 "The board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority."
You have indicated that the Abbeville Municipal Fire and Police Civil Service Board has adopted a schedule pertaining to leaves of absence and holidays for the employees in the fire departments. The schedule provides that firemen shall be entitled to eighteen days of annual leave per annum with an increase of one day per annum for each year of service over 4 years up to a maximum of thirty-two days annual leave per annum which is inconsistent with R.S. 33:1996.
You refer to R.S. 33:1996 and have asked for an opinion as to the authority of the board to specify such regulations in view of Section 1996 which section provides as follows:
 "Firemen in municipalities, parishes and fire protection districts to which this Subpart applies after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause. Firemen employed on January 6, 1969 shall have their present longevity considered as a factor in the computation of their vacation benefits as provided herein.
The Sub-part referred to in Section 1996 is Sub-part B of Chapter 4 of Title 33 of the Revised Statutes.
To determine the municipalities covered by the Sub-part one must look to the original act which contained the various classification of municipalities which were covered. Section 1991 through 1998 were adopted in Act 59 of 1942. Section 2 of Act 59 established various classifications of municipalities which were covered by the act and Section 1992, although having amended several times, still reflects the original intent of the legislature as to the ambit of Sub-part B in that it is applicable only to municipalities with a population of 13,000 or more. We have enclosed a copy of Act 59 of 1942 for your convenience.
Inasmuch as Abbeville has a population of less than 13,000 it is our opinion that Sub-part B does not apply to Abbeville and that the authority for the establishment of leave policies is vested in the Abbeville Municipal Fire and Police Civil Service Board pursuant to R.S. 33:2557.
Even if we assumed that R.S. 33:1996 was orginally intended to cover a municipality under 13,000 when its source was originally adopted in 1942. This was a general provision and the creation of civil service system for municipalities between 7,000 and 13,000 population would be regarded as a special provision for that particular class of municipalities. The special provision was enacted in 1962 through Act 282, and the later amendment of the general provision, Section 1996, without a specific or clearly expressed intent to repeal the provisions contained in R.S. 33:2557 would lead to the conclusion that the legislature did not intend to repeal Section 2557. (See: State Ex. Rel. Warren Realty Company v. City of New Orleans,226 La. 297, 76 So.2d 308.)
For the reasons stated above we hereby reaffirm the conclusions contained in Opinion 78-4.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ KENNETH C. DEJEAN Assistant Attorney General
KCD/grd enclosure (1)
OPINION NUMBER 78-66
January 31, 1978
71-1-1 — MUNICIPAL FIRE POLICE CIVIL SERVICE R.S. 33:2557
Local board has authority to adopt rules for leaves of absence.
Mr. Phil Lemoine City Clerk City of Ville Platte Post Office Box 390 Ville Platte, Louisiana 70586
Dear Mr. Lemoine:
You have requested an opinion from our office concerning the authority of the Ville Platte Fire and Police Civil Service Board to establish leave policy as provided in R.S. 33:2557.
R.S. 33:2557 provides:
 "The board shall adopt rules for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority."
Under this statute it is our opinion that the Ville Platte Fire and Police Civil Service Board is the proper authority to adopt rules and regulations for all types of leave for the employees covered under the jurisdiction of the board.
We point out that the annual leave and sick leave provided for policemen in R.S. 33:2214 does not apply to Ville Platte because it does not have a population of twelve thousand as provided in R.S. 33:2211. We also point out that the annual leave and sick leave provided for firemen in R.S. 33:1995 and 1996 only apply to municipalities with a population of thirteen thousand or more and firemen paid by a parish or fire protection district (See R.S. 33:1961), and therefore would not apply to the City of Ville Platte.
If further help is needed on this matter, please call on us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ WILLIAM T. REEVES, JR. Assistant Attorney General
WTR, jr/smg
Opinion Number 78-259
March 27, 1978
71-1-1 — MUNICIPAL FIRE POLICE CIVIL SERVICE R.S. 33:2557
Local board has authority to adopt rules for leaves of absence.
Mr. Maxie E. Cox State Examiner Municipal Fire and Police Civil Service Suite 300, Parkview Office Building 4664 Jamestown Avenue Baton Rouge, Louisiana 70808
Dear Mr. Cox:
You have requested a clarification of Opinion Number 78-66 of this office wherein we stated ". . . the annual leave and sick leave provided for firemen in R.S.33:1995 and 1996 only apply to municipalities with a population of thirteen thousand or more and firemen paid by a parish or fire protection district (See R.S. 33:1961), and therefore would not apply to the City of Ville Platte."
Our office has reviewed this opinion and reaffirms its conclusions under the Louisiana law. In further clarification of the opinion we are enclosing copies of Opinions Number 78-4 and 78-4A which we feel may be helpful.
If further help is needed on this matter please call on us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ WILLIAM T. REEVES, JR. Assistant Attorney General
WTR, jr/smg Enclosures
Opinion Number 91-51
February 5, 1991
Relative to the authority of the local civil service board in the City of DeRidder to propose rules and amendments to the Fire and Police Classification Plan based upon the provisions in Title 33 relative to sick and vacation leave.
R.S. 33:2557, R.S. 33:2538, R.S. 33:2211
Hon. Gerald Johnson Mayor, City of DeRidder 305 S. Texas Street DeRidder, LA 70634
Dear Mayor Johnson:
You have requested an opinion regarding he authority of the local civil service board in the City of DeRidder. Specifically you have asked:
 Being that the population for the City of DeRidder is less than twelve thousand, does the local civil service board have the authority to propose rules and amendments to the Fire and Police Classification Plan based upon the provisions in Title 33 relative to sick leave and vacation leave? (The provisions of R.S. 33:2211 et seq. are applicable to municipalities having a population between twelve thousand and two hundred and fifty thousand).
R.S. 33:2557 states:
 "The board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority."
This provision is mandatory, therefore, requiring the local civil service board to provide rules for annual vacation and sick leave. R.S. 33:2538
states, in pertinent part, "Bach board may adopt and execute rules, regulations and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part . . . The board may amend or repeal any rule or part thereof in the same manner provided herein for the adoption of the rule . . ." (Emphasis Added.)
In conclusion, it is the opinion of this office that the local civil service board has the authority to propose rules and amendments of the Fire and Police Classification Plan under the provisions of R.S. 33:2538
and 2557. As I am sure you are aware, any officer or employee of the government of which the fire and police service is a part, and any private citizen and the state examiner shall be given an opportunity to show cause why the proposed rule or amendment, or any part thereof, should not be adopted.
I hope that this opinion has answered your question. If I can be of further assistance In this matter, please advise.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By ___________________________ Angie Rogers LaPlace Assistant Attorney General
ARL/lg
Opinion Number 92-767
November 25, 1992
Mr. F. Clay Tillman, Jr. TILLMAN ANDERSON Attorneys at Law 300 East Lula Street Leesville, Louisiana 71446
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE Article 10. Section 16, Louisiana Constitution of 1974; LAS-R.S.33:2557
The Leesville Municipal Fire and Police Civil Service Board has exclusive authority to provide for annual and sick leave for fire and police personnel of the City of Leesville, even when rules are in conflict with a personnel ordinance enacted by the Leesville City Council.
Dear Mr. Tiliman:
You have requested an opinion from this office with regard to whether the rules adopted by the Leesville Municipal Fire and Police Civil Service Board (Board) relative to annual and sick leave for fire and police personnel have precedence over a personnel ordinance enacted by the Leesville City Council with which they conflict.
Article 10, Section 16 of the Louisiana Constitution of 1974 creates the Fire and Police Civil Service systems. The City of Leesville is governed by LSA-R.S. 33:2531, et seq., entitled "Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts", which applies to municipalities with populations between seven and thirteen thousand.
LSA-R.S. 33:2557, provides, in pertinent part, as follows:
 The Board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority. (Emphasis added).
In West v. Allen, 382 So.2d 924 (La. 1980), the Louisiana Supreme Court held that the classified civil service system established by the Constitution and Revised Statutes, specifically LSA-R.S. 33:2531 et seq., was applicable to firemen and policemen employed by the parish of Jefferson despite the fact that the Parish's general civil service system, operated under the parish's home rule charter, had been carried over by Article 6, Section 4 of the Constitution. Further, Civil Service rules, adopted by the Board pursuant to its statutory and constitutional authority, have the force and effect of law.
Therefore, it is the opinion of this office that, pursuant to Article 10, Section 16 and LSA-R.S. 33:2531, et seq., and specifically, 33:2557, the Board's has the exclusive authority to adopt rules and regulations relative to the vacation and/or sick leave of fire and police personnel of the City of Leesville, and that this authority preempts the City's authority, under its home rule charter, to enact ordinances which conflict with these provisions.
Trusting this to be sufficient for your purposes, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 By: __________________________ Norman W. Ershler Assistant Attorney General
RPI/NWE pb-06571