Dear Registrar Taylor:
Your request for an Attorney General's opinion regarding absentee ballots and a public records request has been assigned to me for research and reply. Your letter states that the recent events in the state of Florida have precipitated a request from the editor of The Livingston Parish NEWS, to bring a group of local citizens to your office to examine all the absentee ballots cast for the presidential candidates in the November 7, 2000 election. You seek our opinion as to whether these absentee ballots are public record and, if so, what access the public may have to them.
R.S. 44:1 defines what is a public record and provides a body of law for inspecting and copying such records. The word "ballot" is not specifically included within the definition of "public records" therein.
In Roussel v. St. John the Baptist Parish School Board, 135 So.2d 665
(La.App. 4 Cir. 1961), a public records request was made for the documents and data relating to a special school tax election. The court noted that ballots and related election paraphernalia were not specifically excluded from the provision of the Public Records Act, R.S.44:1 et seq., and that the definition of public records was extremely broad and all inclusive to appear to include such documents. However, the court noted:
 One consideration appears to us to be determinative of this issue: To permit an examination, to the extent required by the Public Records Act, of the ballots and other returns could destroy, or make completely ineffectual, the right given by the election statutes to contest the election and the validity of the tax imposed as a result of the election.
 * * *
 LSA-R.S. 39:517 (the election statute) requires that the custodian of the authority ordering the election shall `preserve' the ballots and other returns for a term of three months from the date of the promulgation of the result of the election. The following section, . . . provides that for a period of 60 days from the date of promulgation any party in interest may contest the legality of the election and of the tax authorized by the result thereof, after which 60 day period the legality, formality and regularity of the same shall be conclusively presumed. The only conceivable purpose for preserving the ballots and other returns is to make such documents available for inspection in the event of a contest under the provision of sec. 518. By `preserve' the legislature must have contemplated a keeping of the documents intact, unchanged from their identical condition at the time the authority ordering the election opened the ballot boxes and determined and declared the result of the election, so that the same might be used in proving or disproving allegations and charges made in connection with such a contest. The election statutes do not contain any mention or inference to the effect that these documents should be preserved in any other manner or that any person would have any other right to examine the same.
Id. at 668-69. The court held that the ballots and other returns of the election were not subject to inspection and examination under the authority of the Public Records Act. While we understand the reasoning of this 1961 case, we believe it fails to address whether or not election ballots become public records after an election contest period is over or any such litigation is final. Therefore, we review the specific statutes of the Election Code for clarification.
The Election Code, LSA-R.S. 18:1312, provides:
 A. All absentee ballots shall be retained in the office of the registrar of voters except as otherwise provided in this Chapter.
 B. All absentee ballots which are received timely shall be removed from the mail return envelope, and shall be delivered to the parish board of election supervisors to be counted and tabulated as provided in R.S. 18:1313.
 C. After the tabulation of the absentee ballots on election night, the board shall replace the absentee ballots in the special absentee ballot envelope and return the envelope to the registrar of voters. The registrar shall retain these absentee ballots inviolate in the special absentee ballot envelope until the delay for filing an election contest has lapsed, or if an action contesting the election has been filed, until the judgment in the action becomes definitive.
 D. Except as otherwise provided in R.S. 18:1308.1(C) and 1311(D)(1) and (5), all mail ballots received on or after election day shall not be counted, but shall be endorsed with the day and hour of receipt, shall be kept unopened for six months, and then shall be destroyed. Any absentee ballot received by mail or facsimile not the first received from the voter shall be treated as provided in this Subsection.
 E. Absentee ballots, applications for absentee ballots, certificates, and other absentee ballot paraphernalia associated with an election shall be retained for six months after an election, unless litigation is pending relative to such election. If litigation is pending relative to such election, such paraphernalia shall be retained in accordance with any applicable court order and until said litigation is concluded. However, if an executed affidavit on an absentee ballot envelope was used as an address confirmation, the registrar shall retain such affidavit for a period of twenty-two months from the date of the election. (Emphasis added).
The Election Code provides for the retention of absentee ballotsinviolate, meaning free from change, until the end of an election contest period or final judgment of same. The Election Code provides for a contest period in R.S. 18:1405. Under this statute, an action contesting an election must be brought on or before the ninth day after the date of the election. An action contesting an election of a proposed constitutional amendment must be brought within ten days after promulgation of the election results. An action contesting a general proposition election shall be brought within thirty days after promulgation of the election results. An action contesting a bond, debt or tax proposition election shall be brought within sixty days after promulgation of the election results.
In the matter at hand, the time for contesting the presidential election of November 7, 2000, expired on November 16, 2000. The registrar is required by R.S. 18:1312(C), to retain the absentee ballots inviolate in the special absentee ballot envelope until this delay for filing an election contest lapsed, or until final judgment in an election contest suit. Thereafter, the registrar is required to retain these absentee ballots for six months, if no litigation is pending. To our knowledge, no election contest suit was filed contesting the presidential election of November 7, 2000 in the State of Louisiana.
Since the Election Code only requires retention of absentee ballotsinviolate until the contest period has lapsed, or final judgment of same, it is our opinion that the absentee ballots in the presidential election of November 7, 2000 in your parish became a public record subject to inspection after the delay for filing an election contest lapsed on November 16, 2000, since no election contest suit was filed.
However, we are of the opinion that R.S. 18:1312(D) is a law specifically exempting from public inspection any mail ballots received on or after an election, which are not counted, and which are required to be kept unopened for six months, then destroyed. R.S. 44:1(A)(2) provides what is considered "public records" and states that such materials are public records, "[e]xcept as otherwise provided in this Chapter or as otherwise specifically provided by law." Of course, the envelopes themselves, unopened, may be reviewed, but never opened to review the actual ballots inside.
Our opinion is consistent with the language of R.S. 18:573(D), which provides for the preservation of machine ballots, as follows:
 D. Preservation of election records. Immediately upon opening the voting machines, the clerk of court shall remove the envelope marked `Put in Voting Machine' and shall preserve the envelope and its contents inviolate and, except upon order of a court of competent jurisdiction, shall not allow them to be inspected by anyone until the delay for filing an action contesting the election has lapsed. If an action contesting the election is commenced timely, the clerk shall continue to preserve these records inviolate, subject to the order of the court, until the final judgment in the action has become definitive. (Emphasis added).
In sum, absentee ballots which have been counted in an election are not subject to inspection under the Public Records Act until the delay for an election contest period has run, or a final judgment has been entered in such a suit. These records are only subject to public inspection thereafter and until such time as they may be destroyed, i.e., six months after the election, unless litigation is pending. Mail absentee ballots which were not received timely to be counted are to remain unopened for six months and then destroyed, and thus, their contents are not open for public inspection.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:jv